SAMUEL JACKSON and JOHN B. EVANS *against* JAMES WINCHESTER.

[S. C. Dall. 4 205.]

A defendant shall not withdraw any of his pleas without consent, where he gains any advantage thereby. The testimony of a witness (since dead) on a question of bail before a judge, is to be considered as his declaration *in pais* in the presence of the party and can only be received in evidence, so far as such party agreed to it.

*INDEBITATUS assumpsit* for goods sold and delivered. Pleas, *non assumpsit* and payment.

Before the jury were charged, the defendant's counsel prayed leave to withdraw his plea of *non assumpsit*, as he meant to rely on his plea of payment. This was objected to as the plaintiffs had been put to expense in obtaining proof of the sale and delivery of the goods.

Shippen C. J. Wherever trouble or expense has been incurred by any plea of the defendant's, the court will not give leave to retract the the plea, unless full compensation has been made for such trouble and expense.

Yeates, J. It has been determined in this court, (Vol. I. p. 38) that a defendant is not entitled to withdraw a plea at the time of trial, in order to give him the benefit of conclusion with the jury.

*Per cur.* We must establish it as a general rule, that a defendant, shall not withdraw any of his pleas without the leave of the court or consent of the adverse party, where it may be supposed that he gains an advantage thereby. The execution of this rule will conduce to the advancement of justice.

                                                    Motion denied.

In the course of the trial the defendant offered evidence of what had been sworn to by David Allison (a witness who is since dead) before M'Kean C. J. on a motion to discharge him on common bail in the presence of Jackson one of the plaintiffs, and one of the Chief Justices order for such discharge, founded on such oath; but the court overruled the evidence. Questions of bail before a judge in his chamber, are not to be considered as trials in a court of record, wherein the testimony of witnesses at a former trial may be received as evidence in case of

their death. 1 Lord Raym. 730.  1 Stra. 162. 2 Wms. 563, 564.  In the former instances their testimony stands precisely on the same footing as their declarations *in pais* in the presence of the party.  Where he agrees to the statement, it may be received in evidence as his confession; where he is silent, the maxim *qui tacet consentire videtur* is applicable, and the jury will judge of it under all the circumstances of the case; but where he totally denies it, the evidence is not admissible.  Under these restrictions the testimony may be given, but they must not be exceeded.  Which was done accordingly.

Verdict <i>pro quer.</i> for 7905 dollars 92 cents.

Messrs. W. Tilghman and Hallowel, *pro quer.*
Messrs. M. Levy and Dallas, *pro def.*