SEPTEMBER TERM 1807.

ROBERT M'CULLOUGH and GEORGE M'CULLOUGH
*against* GUETNER.

### IN ERROR.

Summons against two, "served" as to one, and "nihil habet" as to the other; afterwards an attorney enters his appearance without restriction opposite the name of the defendants on the docket; it is a good appearance for both. After an inquest has returned that the rents and profits will pay in seven years, the plaintiff cannot discontinue his *fi. fa.* and take out a new one, without leave of the court.

WRIT of Error to the Common Pleas of *Crawford* county. The record shewed that a summons issued from the court below at the suit of *Guetner* against the two *M'Culloughs*, and that it was returned *served* as to *George*, and *nihil habet* as to *Robert*. Mr. *Irvine*, an attorney, entered his name upon the docket, without restriction, opposite to the names of the defendants; and he afterwards signed as their attorney an agreement, in which the action was entitled against both defendants, and which referred to certain persons all matters in dispute in the *above cause*. The referees awarded in favour of the plaintiff, and judgment was entered upon the award. A *fi. fa.* was then issued to *August* 1804, by which a mill and some land were taken in execution, and an inquest held, who found that the rents and profits would pay in seven years. The inquisition was returned and filed, and in *November* 1805 the plaintiff made an entry on the docket that the execution was *discontinued*. He then took out a second *fi. fa.*, and levied on lands of *Robert*, which were condemned and sold. The court below was moved to set aside the second execution, which they refused after argument.

*Baldwin* for the plaintiffs in error, took two exceptions: 1st. That the judgment was against *Robert M'Cullough*, although the return to the process shewed that he was not a party. He said it did not appear that *Robert* had authorized any person to enter an appearance for him, for there was no warrant of attorney filed agreeably to the act of Assembly. One partner cannot enter an appearance for another, or bind him by an agreement of reference. *Edwards* v. *Carter* (a), *Kyd on awards*, 42. *Strangford* v. *Green* (b). Much less the attorney of one partner. *Bacon* v. *Dubarry.* (c)

(a) 1 *Stra.* 473.          (c) *Salk.* 70.
(b) 2 *Mod.* 228.

2d. That the discontinuance of the first execution was irre-gular, as the plaintiff had made an election of his remedy, and the land was in effect already extended to him. He should at all events have applied to the court; for if it is optional with him to take a new execution against the same or other lands, he may defeat the act of Assembly, and harass the defendants for ever.

1807.

M'CUL-
LOUGH
v.
GUETNER.

*A. W. Foster* for the defendant in error, and *S. B. Foster* for the purchaser at sheriff's sale, argued

1. That in the present stage of the cause it must be taken that there was a sufficient legal appearance for both defendants, as the attorney had entered his name generally, and had agreed to a reference which bound both. *Somers* v. *Balabrega* (*a*). *Hills et al.* v. *Ross* (*b*), in point.

2. That it was clear that a plaintiff must in many cases be entitled to discontinue his *fi. fa.* and to take out another writ; as in this case, if it had appeared after inquest that the defendants had no title to a part of the land. For while the *fi. fa.* was in operation, as it might be considered here, the plaintiff could never have a *ca. sa.* 3 *Bl. Comm.* 419. And if the court could *permit* such an act, they certainly might *confirm* it, as was done below after argument.

There was also an argument upon the validity of the award, but it was not noticed in the court's opinion.

Per CURIAM. The judgment below must be affirmed, be-cause it sufficiently appears that the attorney appeared for both the defendants. But the execution was erroneous, because the plaintiff, having levied upon land, held an inquest which deter-mined that the rents &c. were sufficient to pay in seven years, and had that writ returned and filed, had no power without the court's permission to take out a new execution. This has been the practice and understanding of the courts of Nisi Prius, and great inconveniences might ensue from a contrary practice; be-cause the plaintiff might set aside the proceedings and levy again on the same land repeatedly, until he got a jury to con-demn it, which would take away from the defendant the bene-fit of the act of Assembly upon this subject.

(*a*) 1 *Dall.* 164.                    (*b*) 3 *Dall.* 331.