[LANCASTER, JUNE 1, 1828.]

## The MECHANICS' BANK of the City and County of Philadelphia *against* FISHER.

### APPEAL.

A power of attorney to the prothonotary to discontinue a suit, cannot be executed by his clerk.

A plaintiff will not be permitted to discontinue, where it will give him an advantage, or tend to vex and oppress the defendant.

Therefore, where the plaintiff, residing in *Philadelphia*, brought suit in *Dauphin* county, and the defendant took out a rule of arbitration, and went to *Philadelphia* to serve it on the plaintiff, who immediately sent a power of attorney to the prothonotary of *Dauphin* county to discontinue the suit there, and sued the defendant again in *Philadelphia*, notwithstanding which, arbitrators were appointed in *Dauphin* county, who proceeded to make an award in favour of the defendant; against which proceedings, the attorney of the plaintiff protested, and applied to the judge at the Circuit Court to set them aside, who did so: *held*, on an appeal, that the discontinuance was improper, and the proceedings subsequent to it valid.

THIS was an appeal by the defendant from a decision of TOD, J., at the Circuit Court in *Dauphin* county, setting aside, on motion of the plaintiff, a rule of reference and an award of arbitrators. The action was by summons in debt on bond, not exceeding five thousand dollars. The material facts appeared on the record, and were as follows:—

(The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

On the 19th of *July*, 1828, the defendant entered a rule of reference, declaring his intention to have arbitrators chosen on the 9th of *August*, 1828. On the 24th of *July*, this rule was duly served by the defendant on the plaintiff. On the 26th of *July*, the plaintiff made the following order of discontinuance:—

" Know all men by these presents, that the Mechanics' Bank of the city and county of *Philadelphia*, have nominated and appointed *Obed Fahnestock*, prothonotary of the Circuit Court of *Dauphin* county, their true and lawful attorney, to discontinue any suits brought by the said Mechanics' Bank of the city and county of *Philadelphia*, or in their corporate name, against *George Fisher*, Esq., in the Circuit Court of *Dauphin* county, or in the Common Pleas of *Dauphin* county. In witness whereof, the said Mechanics' Bank of the city and county of *Philadelphia*, hereunto set their common seal this 26th day of *July*, A. D. 1828.

" [SEAL.]

"Attest. *J. Lamb*, president."

This paper was, on the 28th of *July*, filed in the office; and on the same day, a discontinuance of the action was entered on the docket by *Charles H. Snider*, the clerk of the prothonotary. On the same day, the defendant's attorney filed of record, in the cause, a paper as follows:—

" The defendant objects to the discontinuance of this suit, as a rule to refer has been taken out, and served upon the president and cashier of the Mechanics' Bank of the city and county of *Philadelphia;* and, also, objects to the payment of the costs.

"*Samuel Douglas.*"

Next followed this entry:—

"*August* 8th, 1828.—The discontinuance of the above suit being objected to, *Francis R. Shunk*, Esq. attorney in fact for the plaintiff, from abundant caution, discontinues the above suit, and protests against the appointment of arbitrators, or any other proceedings in this suit. See paper filed."

Arbitrators were appointed in the following manner:—

"And now, to wit: 9th of *August*, 1828, *Samuel Douglas*, Esq. attorney for the defendant, appears for the defendant; the plaintiff not appearing, *Francis R. Shunk* appears by special warrant of attorney for the bank, and protests against choosing arbitrators, and refuses to have his name put on record as attorney for the bank; says, the suit is discontinued. Mr. *Douglas* insists upon choosing arbitrators, and the prothonotary is to choose for the bank, because, as he says, the suit is not legally discontinued. Arbitrators to be five, viz:—

| | | |
|---|---|---|
| " *John Rhodes*, | by the | prothonotary, |
| "*John Davies*, | " | defendant, |
| "*Frederick Heisely*, | " | prothonotary, |
| "*Warner Holbrook*, | " | defendant, |
| "*John Whitehill*, | " | prothonotary." |

(The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

Due notice of the time and place of the meeting of the arbitrators was served on the plaintiff at the banking-house.

On the 12th of *September*, the following award was filed:—

"We, the arbitrators, as above named, having met at the time and place appointed, having been severally sworn and affirmed, according to law, (*Francis R. Shunk* appearing as agent for the plaintiff, and *Samuel Douglas*, Esq., attorney for the defendant,) do report, that we find no cause of action: plaintiff for costs. Witness our hands, *September* 6th, 1828." Signed by all the arbitrators.

On the 1st of *October*, exceptions to the award were filed, viz.

"1st. That the report is void and contrary to law, there being no cause in court at the time of the appointment of arbitrators, the above suit having been discontinued.

"2. The report states, that *F. R. Shunk* appeared before the arbitrators as agent for the plaintiff, and does not state, that *Francis R. Shunk*, as the special attorney for the Mechanics' Bank of the city and county of *Philadelphia*, appeared before the arbitrators for the sole purpose of exhibiting to the arbitrators the evidence of the discontinuance of this cause, giving them notice of the discontinuance, and protesting against any further proceedings being had in the cause; and praying that the evidence and notice so given, and objections to the proceedings might be noted upon the record of the proceedings of the arbitrators, which fact appears from the statement of four of the arbitrators hereto annexed.

"*Francis R. Shunk.*"

To these exceptions were appended the oath of *F. R. Shunk* to their truth, and the following certificate:—

"We, the arbitrators, appointed in the above cause, do state, that at the meeting of the arbitrators, on the 6th of *September*, 1828, at the house of *J. B. Henzey*, in the borough of *Harrisburg*, *Francis R. Shunk*, as the special attorney of the Mechanics' Bank of the city and county of *Philadelphia*, appeared before us, and presented a certified copy of the record of the above stated cause, accompanied with a notice and protest against any further proceedings, which paper we have filed in the prothonotary's office, with our report: That he appeared before us for no other purpose, as he then stated; but after having presented the said copy of the record, notice, and protest, he withdrew. *Harrisburg, Oct.* 1st, 1828."

Signed by four of the arbitrators.

The judge at the Circuit Court, having, as already mentioned, set aside the report of the arbitrators, the defendant appealed to this court, and filed the following reasons:—

"Reasons for appealing from the decision of the Circuit Court in granting the motion to set aside the report of the arbitrators, and all subsequent proceedings in the above stated cause.

"1st. Because a rule to choose arbitrators, under the compulsory

(The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

act of the 20th of *March,* 1810, was duly entered by the defendant, and served upon the plaintiff; and a suit for the same cause of action was instituted in *Philadelphia,* and the writ served before any attempt to discontinue the above suit, and after the service of the said rule to choose arbitrators.

"2d. That there is no legal right to discontinue the suit on the special power of attorney to *Obed Fahnestock,* Esq., the prothonotary of the Court of Common Pleas of *Dauphin* county, from the plaintiff, by *C. H. Snider,* his clerk, who entered a discontinuance of the said suit in the absence of the said prothonotary, and without his order and consent: That both this discontinuance and that entered by *Francis R. Shunk,* Esq., as attorney in fact for the plaintiff, were subsequent to the service of the said rule to choose arbitrators, and were illegal and void.

"3d. That the plaintiff could not discontinue the cause under the then existing circumstances, (*prout* the record and service of the said rule,) without the consent of the defendant, or his attorney.

"4th. That the arbitrators were appointed, made out, and returned to the clerk of the Circuit Court of *Dauphin* county their report, according to law, in favour of the defendant; and the said report had lawfully become a judgment in favour of the defendant before the motion was made in the Circuit Court, to whose decision these exceptions are filed, (*prout* the record.)

"5th. And, that during the pendency of the said rule to choose arbitrators, and the proceedings under it, neither the plaintiff, nor any court, had legal authority to discontinue this suit without the consent of the defendant; because, the said cause was not pending in the said court, but had attached in another tribunal."

*Douglas* argued for the appellant.—The power to enter the discontinuance was special to *Fahnestock,* the prothonotary, and the entry by *Snider,* under the pretence of it, was a nullity. The second discontinuance, by the attorney, was no better. It was after the reference; after the cause was out of court. Discontinuance is, like a nonsuit, an act of the court, and will not be permitted when injurious to the other party. The second writ is for the same cause. It is not alleged there was any mistake in the first action. The plan of ending the suit already brought, and commencing another in *Philadelphia,* was merely for the advantage of the plaintiff, and to the great detriment of the defendant. He had incurred all the expense and trouble of entering the rule of reference, serving the notice, employing counsel, and preparing for the trial. He was under the protection of the law in the act of serving the rule, when the new writ was taken out against him. Suppose leave to discontinue, had been applied for under these circumstances, would it have been granted? Certainly not. And if the court would not permit the thing to be done if asked for, they will not sanction it when attempted without their permission. The defendant had the right of pleading the pendency of the former proceedings in abatement of the new writ.

· (The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

So, a defalcation might have been offered. All these fair and legal advantages are taken away from him by the decision of the Circuit Court. Payment of the costs could be no amends. The plaintiff had made his election, and is bound by it. The bank chose to sue in *Dauphin* county. Besides, the cause was out of court, and not subject to a discontinuance. The jurisdiction of the arbitrators had attached. The plaintiff's only remedy against the award was by appeal, according to the act of assembly. *Bigler and Stall v. Landis*, in this court, *Lancaster, May,* 1825, (MSS.) decided, that a cause under a rule of reference, cannot be put down for trial in court. Reference puts a cause out of court, and an award is a record, and a judgment, upon which execution issues. *Thompson* v. *White*, 4 *Serg. & Rawle*, 135. The court below shall not correct an award of arbitrators, though illegal on the face of it. *Post* v. *Sweet,* 8 *Serg. & Rawle*, 391. *Girard* v. *Gettig*, 2 *Binn.*, 234. The plaintiff is not permitted to withdraw his suit to the injury of the defendant. *Lewis* v. *Culbertson*, 11 *Serg. & Rawle*, 59.

*Shunk, contra.*—The question is, whether, by law, the plaintiff could discontinue. Circumstances are mentioned in the argument, which, from want of instruction, can neither be admitted nor denied. If a new suit has been brought for the same cause, let the defendant plead to it the pendency of the first action, provided the discontinuance is invalid. The notice served upon the bank, to produce their books before the arbitrators, at *Harrisburg*, is a very sufficient answer to the complaint of oppression, and a very good reason for preferring to have the cause decided nearer home, rather than in *Philadelphia*. A plaintiff may always sue in any manner most convenient to himself, provided it be permitted by the law. The warrant directed to Mr. *Fahnestock*, the prothonotary, from the bank, being filed, was itself a discontinuance. It would be strange if the clerk may act for his principal in any thing else—may enter judgments, and administer the oath on appeal—and yet may not enter on the docket the substance of a paper filed in the office, under the hand and seal of a party. But the second discontinuance, the formality of which appears to be unexceptionable, was entered on the record, not only before the arbitrators met, but one day at least before they were nominated. No declaration was filed, no proceedings in the cause had, no costs incurred, except by the defendant himself, and those were all paid by the plaintiff. It is agreed, there are cases where one cannot discontinue his own process; as in replevin, or after a special verdict, or a demurrer, or plea of defalcation, or after arbitrators have met, and their opinions have been discovered, or a jury is ready at the bar to give a verdict; and, perhaps, after arbitrators have been chosen. With these exceptions, not one of which has the least possible bearing upon the case before the court, a plaintiff, upon paying costs, may go out of court at his own option as readily as he may come in. It is said, the cause was out of court by the reference. What is contended for is, that the dis-

(The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

continuance was not an act of the court, nor an act in court; and, that a cause referred, is not out of the reach of the parties: And further, that by our practice, there is no substantial difference in reason or law, between a nonsuit in court and a discontinuance out of court. They are but different modes of effecting the same thing; the giving up of a man's own action. The cases relied on by the appellant only prove, that while a rule of reference is depending, a cause cannot be proceeded on in court; and, that when arbitrators have been rightly appointed, their award is irreversible, except by appeal. He cited *Thompson* y. *White*, 4 *Serg. & Rawle*, 141. 1 *Tidd. Pr.* 628. *Jac. Law Dict. verb. Discontinuance. Renner* v. *Marshal*, 1 *Wheaton*, 215.

SMITH, J., (after shortly stating the facts,) delivered the opinion of the court.

I consider the discontinuance of this suit, on the 28th day of *July*, 1828, by *Charles Snider*, irregular and void. The authority to discontinue, was to *Obed Fahnestock*, personally, and ought to have been strictly pursued. *Charles Snider* had no authority from the bank to discontinue their suit, or move in the action; he, in fact, in this respect, was a stranger to the bank; and at the time he recorded, or entered the discontinuance, had nothing before him, showing any authority to him for doing so. If so, his act was void, and could not operate as a discontinuance of the suit.

The right of a party to discontinue his suit, under proper restrictions, is not denied; indeed, generally speaking, it is the right of the party, but is not always a matter of course, for the plaintiff will not be permitted to discontinue where he will gain an advantage by it; nor will he be indulged in doing so, if prejudicial to his opponent, or when leading to vexation or oppression.

In *England*, in the King's Bench and Common Pleas, it is generally done by obtaining a side bar rule " for leave to discontinue the action upon the payment of costs." But from the case of *Belchier* v. *Gansell*, reported in 4 *Burr.* 2502, not cited at the bar, it is clear, that the rule to discontinue will not be granted, if it be intended to oppress the defendant by another suit. To me it appears, the case of *Belchier* v. *Gansell*, if not exactly the same as the one before us, is very analogous to it. In that case, a discontinuance had been entered on a side bar rule, and then the plaintiff arrested the defendant again on the very same bonds, only laying the new suit in *Middlesex* instead of *London;* but on motion, the discontinuance was set aside, on the ground, that it was a *trick*, and an unwarrantable conduct in the attorney, and that it ought not to have the intended effect.

In this country, in our own courts, the law is established in the same way. In *Pollock* v. *Hall*, 3 *Yeates*, 42, Chief Justice SHIPPEN says, discontinuances are the acts of the court, and subject to their discretion. And in *Broom* y. *Fox*, 2 *Yeates*, 531, the court say,

(The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

" Regularly, there can be no discontinuance without leave of the court." In addition to these cases, there are others, which, by a parity of reason, bear on the present case. In *Wikoff* v. *Perot*, 1 *Yeates*, 38, and *Jackson* v. *Winchester*, 2 *Yeates*, 529, it is decided, that the defendant cannot withdraw his plea, at the time of trial, to give him the benefit of the conclusion to the jury, without the leave of the court; or, wherever trouble or expense has been incurred by any plea of the defendant's, the court will not give leave to retract the plea. So, in *M'Cullough* v. *M'Cullough*, 1 *Binn.* 214, after an inquest has returned, that the rents and profits will pay in seven years, the plaintiff cannot discontinue his *Fieri Facias*, and take out a new one, without leave of the court. I take the result of this doctrine to be, that courts will protect their suitors from vexation, oppression, or an undue advantage, and will not suffer either party to do any act which may have this tendency. In this case, the advantage the plaintiffs proposed to themselves, must be obvious to all, for by discontinuing the suit in *Dauphin* county, where the defendant was at home, and by suing him immediately for the same cause of action in *Philadelphia*, where the plaintiffs resided, they would, of course, get rid of some inconvenience, expense, and trouble; to all which, the defendant would necessarily be exposed, if compelled to attend at *Philadelphia*. I would then ask, was this not a contrivance, or an attempt on the part of the plaintiffs, not only to gain an advantage over their opponent, but was it not also calculated to vex, and oppress, and expose him to unnecessary expense and inconvenience? Whenever, therefore, it appears a party discontinues one suit, for the purpose, merely, of instituting another for the same cause of action elsewhere, the court, on motion, will set aside the discontinuance, and reinstate the former suit, and subject the party to the consequences of his own acts. Here the plaintiffs had chosen the place and the tribunal where, and before which, to sue their debtor; having done so, the defendant, on his part, as he had a right, moved in the suit, and filed his determination of record to have the suit decided by arbitrators, of which, he noticed the plaintiffs; but, before he had returned home from this service, the plaintiffs gave directions to discontinue their suit: it was discontinued by one not authorized, and without the permission of the court. Under these circumstances, I am not disposed to favour the discontinuance of a suit. The rule to arbitrate was not stricken from the record, but remained on the same when the discontinuance was entered. In the case of *Landis* v. *Bigler*, (I believe not reported,) in which a rule to arbitrate had been taken out, but never acted on, but still remained on record, and the case afterwards tried, and a verdict and judgment rendered for the plaintiff, this court, on error, reversed the judgment, declaring the law to be, that whilst the rule to arbitrate remained, the cause was out of court. If this be so, and the discontinuance of a suit be the act of the court, then there could be no discontinuance in the suit before

(The Mechanics' Bank of the city and county of Philadelphia *v.* Fisher.)

us. The arbitrators were afterwards appointed and met, (the bank having been previously duly notified of the time and place of their meeting,) made an award, and filed the same of record, according to law. The act of assembly, under which these proceedings were had, directs, that the report of the arbitrators shall be entered on the docket of the prothonotary, and from the time of such entry, shall have the effect of a judgment against the party against whom it is made, and be a lien on the party's real estate, until such judgment be reversed *on an appeal;* and the appeal is to be made within twenty days after the entry of the award. In the case before us, the plaintiffs did not appeal; but on the 8th day of *April,* 1829, moved the Circuit Court to strike off the rule of reference, and the subsequent proceedings, which motion the court granted. Upon the whole, then, this court is of opinion, that where it appears a discontinuance is entered with a view to vex and oppress a defendant, by suing him elsewhere for the same cause of action, and the party, under such circumstances, applies to the court to sanction the discontinuance of the suit, and set aside all subsequent proceedings in the cause, the application should not succeed, unless founded in justice and equity; and not, as in the present case, where an advantage is the obvious and necessary consequence to the plaintiffs, and great expense, besides inconvenience to the defendant. The judgment is, therefore, to be reversed, and the award to stand.

Judgment reversed.