## Keiser v. Keiser

*Frederic R. Gallagher*, for plaintiff.

*Michael H. Sheridan*, for defendant.

PINOLA, J., June 8, 1955.—On January 13, 1950, plaintiff filed a complaint in divorce based on indignities to the person.

On February 1, 1950, a rule was granted on plaintiff to file a bill of particulars.

Later, on October 16, 1952, defendant filed a petition for alimony, counsel fees, costs and expenses. On granting the rule, the court stayed all proceedings. Notwithstanding that order, plaintiff, on October 20,

1952, filed a petition asking leave to discontinue the divorce. To this an answer was filed by defendant on November 3, 1952.

Thereafter an answer to the complaint, purporting to have been sworn to on November 16, 1953, appeared in the files although there is no docket entry showing that it has ever been actually filed of record.

Depositions were taken on December 12, 1953. At the time a dispute arose between counsel as to the purposes and extent of the depositions, Milton S. Leidner, Esq., of Philadelphia, insisting that the matter of alimony and counsel fees should be deferred until the court first disposed of plaintiff's rule to discontinue. Ultimately he agreed that the court might make an order for counsel fees and costs.

## Discussion

From the testimony it appears that the parties, who were married on November 15, 1948, only lived together until February 10, 1949, on which date while driving from Nanticoke to Wilkes-Barre, their car figured in a collision resulting in injuries to defendant and causing a miscarriage.

They never resumed marital relations. The husband contends that his wife refused to live at his home, while the wife insists that she is and always has been ready and willing to live with him apart from his mother.

At the time of the accident plaintiff was a member of the State Police Force, which he left in March 1950. For a while he worked for Pennsylvania Greyhound Lines as a bus operator. Then he worked for the Colonial Mutual Casualty Company from December 1951 to August 1953. From that time to the present he has been working as an adjuster for the Great American Indemnity Company in Philadelphia, where he now lives.

He gives as his reasons for discontinuing this action: (a) That he is "unable because of economic conditions

to maintain the above action and to pay the expenses and costs incident thereto"; (b) that he is "unable to journey to Luzerne County to prosecute said action", and (c) that he is no longer desirous of obtaining a divorce.

From October 20, 1952, to December 12, 1953, he came to Luzerne County about five times to visit his mother. If he found time to make so many trips for that purpose, he certainly can find time to come in connection with this divorce case.

When in the State police he received between $85 and $90 take home pay every two weeks. From the Greyhound Lines he received $60 per week, from the Colonial Mutual Casualty Company he received $73 per week, and from the Great American Indemnity Company his take home pay is $117 every two weeks.

Notwithstanding his steady employment, he has not to this day paid one cent of the expenses incident to the accident and hospitalization of his wife, which totaled $879.38.

During his entire married life he has only contributed $250 to the support of his wife. At the same time, he has been paying the sum of $40 every two weeks for the support of his mother. It is apparent that there has been no change in his economic conditions and, in our opinion, they certainly furnish no basis for a discontinuance.

This leaves for consideration his desire to drop the divorce proceedings.

Under Pa. R. C. P. 229 a plaintiff may discontinue an action before commencement of the trial without leave of court. However, the court upon petition and after notice may strike off a discontinuance "in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice". That being so, we should not grant leave to discontinue where the facts are such that the court would

strike off a discontinuance entered under such circumstances without court leave: 2 Anderson Pa. Civil Practice 120.

Prior to the adoption of the rule, in strict law, a discontinuance was always by leave of court, but in practice leave to discontinue was assumed: Commonwealth, to use, v. Magee (No. 1), 224 Pa. 166. In divorce proceedings, however, the discontinuance had to be by express leave of court and in such cases it would not be allowed where respondent suffers a disadvantage by its entry: Murphy v. Murphy, 8 Phila. 357.

In Mechanics' Bank v. Fisher, 1 Rawle 341, plaintiff, residing in Philadelphia, brought suit in Dauphin County. When defendant took out a rule of arbitration, plaintiff immediately discontinued the proceedings in Dauphin County and started a suit in Philadelphia. The arbitrators were, nevertheless, appointed in Dauphin County and they proceeded to make an award in favor of defendant. On appeal it was held that the discontinuance was improper and the proceedings subsequent to it valid. The court said (page 346):

"The right of a party to discontinue his suit, under proper restrictions, is not denied; indeed, generally speaking, it is the right of the party, but is not always a matter of course, for the plaintiff will not be permitted to discontinue where he will gain an advantage by it; nor will he be indulged in doing so, if prejudicial to his opponent, or when leading to vexation or oppression."

Notwithstanding his statement to the contrary, we believe that plaintiff, if permitted to discontinue these proceedings, would only commence another action in Philadelphia. This would render it very difficult for defendant to defend, especially since she is without means and all of her witnesses are in Luzerne County.

If he were acting in good faith, and if he sincerely believes that he has a basis for divorce, since all the alleged indignities took place in Luzerne County from February 10, 1949, to January 13, 1950, and whatever witnesses he has must likewise live in Luzerne County, it would be to his own best interest to continue this action.

As for counsel fees, we believe that plaintiff is financially able to pay the minimum provided for in the fee bill of our county.

Accordingly, we enter the following

### *Order*

The rule heretofore granted to show cause why the above action in divorce should not be discontinued is discharged, and it is ordered that plaintiff pay to defendant the sum of $200 for counsel fees and the sum of $50 for costs.