J-S06033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KENNETH TAGGART, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MORTGAGE ELECTRONIC | : | |
| REGISTRATION SYSTEMS, INC; | : | |
| OCWEN LOAN SERVCING, LLC; | : | |
| EVERBANK;  MERSCORP, INC.; | : | |
| GINNIE MAE; GMAC MORTGAGE, | : | |
| INC.;  ANGELA MCFADDEN; LISA | : | |
| ROACH; ALLY BANK/GMAC | : | |
| MORTGAGE | : | No. 1018 EDA 2017 |

Appeal from the Order February 6, 2017
in the Court of Common Pleas of Montgomery County,
Civil Division at No(s):  No. 2015-29789

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 13, 2018**

Kenneth Taggart ("Taggart") appeals from the Order (hereinafter, "the Dismissal Order") granting the Motion to Dismiss filed by Mortgage Electronic Registration Systems, Inc.; Ocwen Loan Servicing, LLC; EverBank; MERSCORP, Inc.; Ginnie Mae; GMAC Mortgage, Inc.; Angela McFadden; Lisa Roach; and Ally Bank/GMAC Mortgage (collectively, the "Defendants"), and dismissing Taggart's Complaint, with prejudice.  We affirm.

Taggart initially instituted this quiet title action in November 2015. Taggart contested the validity of a 2008 mortgage to an investment property located in Telford, Pennsylvania (hereinafter, "the Property") that he had

secured from certain of the Defendants.[1]  Following a tortured procedural history that is not relevant to the instant appeal, Taggart, *pro se*, filed a Third Amended Complaint against Defendants on April 20, 2016.[2, 3]

On May 20, 2016, Defendants filed a Motion to Dismiss Taggart's Third

_____

[1] In his initial Complaint and all subsequent Amended Complaints, Taggart sought a declaration that he is entitled to ownership of the Property, which he had purchased for over $500,000, free and clear of any mortgage, despite, *inter alia*, his failure to make any mortgage payments since 2009.

[2] Throughout the duration of the proceedings up to this point, Taggart had acted *pro se*.  Moreover, Taggart has a long history of instituting, in both state and federal courts, myriad *pro se* actions against his various mortgage lenders, including some of the Defendants herein.

[3] After his initial Complaint, Taggart amended his Complaint three times in a span of five months, each of which mooted separate Preliminary Objections filed by Defendants.  All of these Amended Complaints were largely identical.

Amended Complaint pursuant to Pennsylvania Rule of Civil Procedure 233.1.[4]

Therein, Defendants argued that the trial court should dismiss Taggart's frivolous, *pro se* action because, *inter alia*, it raises essentially the same claims against the same or related Defendants as Taggart did in several prior actions. A few days thereafter, Taggart filed a *pro se* Motion for Enlargement of Time, urging the trial court to (1) give him more time in which to respond to all outstanding Motions and pleadings because he had just recently retained counsel, who needed time to review the record; and (2) permit Taggart to file a counseled amended complaint. Before the trial court ruled on the Motion for Enlargement of Time, Taggart's counsel filed a Fourth Amended Complaint

---

[4] Rule 233.1 provides, in relevant part, as follows:

> **(a)** Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that
>
> > **(1)** the *pro se* plaintiff is alleging the same or related claims which the *pro se* plaintiff raised in a prior action against the same or related defendants, and
> >
> > **(2)** these claims have already been resolved pursuant to a written settlement agreement or a court proceeding.
>
> * * *
>
> **(c)** Upon granting the motion and dismissing the action, the court may bar the *pro se* plaintiff from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court.

Pa.R.C.P. 233.1(a), (c).

on June 28, 2016. The trial court thereafter denied the Motion for Enlargement of Time.

Following a procedural history that is not relevant to this appeal, on February 6, 2017, the trial court entered the Dismissal Order, granting Defendants' Motion to Dismiss Taggart's Third Amended Complaint, with prejudice. Additionally, the Dismissal Order precluded Taggart from pursuing further litigation against Defendants related to the Property without leave of the trial court. Importantly to this appeal, merely one day prior to the date of the Dismissal Order, Taggart filed a Praecipe to voluntarily discontinue all claims against all Defendants, *without prejudice*. Taggart filed a Motion for Reconsideration of the Dismissal Order, which the trial court later denied.

Taggart filed a timely Notice of Appeal from the Dismissal Order, in response to which the trial court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Taggart timely filed a Concise Statement, presenting 17 separate allegations of error. The trial court thereafter issued a Rule 1925(a) Opinion, consolidating Taggart's numerous claims into three main issues.

Taggart now presents the following questions for our review:

1. Whether the trial court erred in finding that it had subject matter jurisdiction to enter an Order after the case had been voluntarily terminated by [Taggart?]

2. Whether the trial court erred in finding that the Motion pursuant to [] Rule 233.1 was properly before the court[?]

3. Whether the trial court erred in entering an Order[,] which granted a Motion to Dismiss [Taggart's] third Amended Complaint[,] after the case had been voluntarily discontinued as to all Defendants by [Taggart], and a fourth Amended Complaint had been filed by counsel[?]

4. Whether the trial court erred in finding that [] Rule 233.1 was applicable to the case when it entered the [Dismissal] Order on February [6], 2017[?]

5. Whether the trial court erred in finding that it had legal authority to [d]ismiss [Taggart's c]laims with [p]rejudice and without a hearing[?]

6. Whether the trial court erred in finding that [] Rule 233.1 was applicable when [Taggart] was represented by counsel[?]

7. Whether the trial court erred in finding that it had legal authority to [d]ismiss [the] third Amended Complaint[,] filed by [Taggart] *pro se*[,] when it was rendered moot by a fourth Amended Complaint filed by counsel[?]

8. Whether the trial court erred in terminating the [d]ue [p]rocess [r]ights of [Taggart] without a hearing prior to entering an [O]rder barring claims with prejudice on February [6], 2017[?]

9. Whether the trial court erred in [v]acating the Order denying [the] Motion to Dismiss the third Amended Complaint[,] … which properly denied the Motion to Dismiss the third Amended Complaint[?]

10. Whether the trial court erred in [d]enying [Taggart's] Motion for Reconsideration [of] the [O]rder dated July 21, 2016 … [?]

11. Whether the trial court erred in finding that failing to allow safe[]guards for [Taggart] to [a]ttend a [m]eeting[?]

12. Whether the trial court erred in failing to find that the Motion pursuant to[] [Rule] 233.1 was not timely filed by [Defendants?]

13. Whether the trial court erred in failing to allow claim to be adjudicated on the merits and which have not been resolved[?]

14. Whether the trial court erred in failing to allow claims to be adjudicated which are against [Taggart's] property denying [Taggart] to adjudicate claims against his property[?]

15. Whether the trial court erred in failing to allow claims to be adjudicated pursuant to the Pennsylvania and United States Constitution[s] pertaining to Due Process and Property [r]ights[?]

16. [Whether the trial] court erred when it failed to adjudicate claims of [Taggart] pursuant to [the] minimum requirements set forth by the United States Constitution [and] ***Goldberg v. Kelly***, 397 U.S. 254 (1970)[?]

17. [Whether the trial] court erred when it failed to adjudicate claims of [Taggart] of Fraud and Fraud on the Court whereas, among a plethora of other defects, [Defendants] have produced two notes, one of which is fraudulent[?]

Brief for Appellant at 4-6.

Preliminarily, we note that Taggart's brief does not comply with our Rules of Appellate Procedure. Namely, Taggart has failed to comply with Rule 2119, which requires that

[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part - in distinctive type or in type distinctively displayed - the particular point treated therein, followed by such discussion and citation to authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Here, Taggart's Argument section headings in no way correspond to the issues he sets forth in his Statement of Questions Presented. Nevertheless, we will overlook this defect and briefly address the merits of

Taggart's claims to the best of our ability, under the circumstances created by his noncompliant brief.

Like the trial court's Opinion, we will consolidate Taggart's numerous, repetitive issues into three main claims of trial court error, namely, that the court erred in dismissing the Third Amended Complaint where

1) Taggart had already filed a Fourth Amended Complaint, which thus mooted Defendants' Motion to Dismiss the Third Amended Complaint;

2) Taggart was represented by counsel at the time the court entered the Dismissal Order, and, thus, his claims could not be dismissed under Rule 233.1 because he was no longer *pro se*;

3) the court lacked subject matter jurisdiction to dismiss the Third Amended Complaint, since Taggart had voluntarily discontinued all claims against all Defendants, one day prior to the issuance of the Dismissal Order.

***See generally*** Brief for Appellant at 4-6.

We review a trial court's grant of a motion to dismiss pursuant to Rule 233.1 under an abuse of discretion standard. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1086 (Pa. Super. 2014); ***see also Bolick v. Commonwealth***, 69 A.3d 1267, 1270 (Pa. Super. 2013) (stating that "Rule 233.1 makes clear that the power to bar frivolous litigation at the trial court level rests with the trial court."). "[T]he court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason [or] if it does not follow legal procedure." ***Coulter***, 94 A.3d at 1086 (citation omitted). Moreover, to the extent that Taggart's claims require us to interpret Rule 233.1, "the interpretation and application of a Pennsylvania

Rule of Civil Procedure presents a question of law. Accordingly, our standard of review is *de novo,* and our scope of review is plenary." ***Boatin v. Miller***, 955 A.2d 424, 427 (Pa. Super. 2008) (internal citation and question marks omitted).

In his first issue, Taggart argues that the trial court improperly entered the Dismissal Order, dismissing his Third Amended Complaint, where he had filed a Fourth Amended Complaint, which thus mooted Defendants' Motion to Dismiss the Third Amended Complaint. ***See*** Brief for Appellant at 15, 21.

The trial court concisely addressed this claim in its Opinion, set forth the applicable law, and determined that the court did not lack authority to enter the Dismissal Order, since the filing of an amended pleading does not render a motion to dismiss moot under Rule 233.1. ***See*** Trial Court Opinion, 7/7/17, at 3-4. We agree with the trial court's sound rationale and determination, and therefore affirm on this basis as to Taggart's first issue. ***See id.***

Next, Taggart contends that the trial court erred in entering the Dismissal Order, where he was represented by counsel at the time, and, thus, his claims could not properly be dismissed under Rule 233.1 because he was not acting *pro se* at that time. ***See*** Brief for Appellant at 15, 17, 22; ***see also*** Pa.R.C.P. 233.1(c) (providing that "[u]pon granting the motion and dismissing the action, the court may bar the ***pro se* plaintiff** from pursuing additional *pro se* litigation against the same or related defendants raising the same or related claims without leave of court." (emphasis added)).

The trial court addressed and rejected this claim in its Opinion, and determined that the court properly applied Rule 233.1 to Taggart under the circumstances. **See** Trial Court Opinion, 7/7/17, at 4. As we agree with the trial court's legal determination, and discern no abuse of discretion, we affirm on this basis concerning Taggart's second issue. **See id.**

In his third and final issue, Taggart argues that the trial court lacked subject matter jurisdiction to dismiss the Third Amended Complaint, where he had voluntarily discontinued all claims against all Defendants, pursuant to Pa.R.C.P. 229,[5] prior to the issuance of the Dismissal Order. **See** Brief for Appellant at 10-14, 20-21 (citing, *inter alia*, **Williams Studio Div. of Photography by Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.**, 550 A.2d 1333, 1335 (Pa. 1988) (stating that "when a plaintiff takes a voluntary nonsuit, it is as if the original suit was never initiated.")). Taggart argues that the trial court lacked legal authority to act upon Defendants' Motion to Dismiss the Third Amended Complaint after Taggart had entered the discontinuance. **See** Brief for Appellant at 11; **see also id.** at 12 (arguing that after Taggart discontinued his claims, "there was no actual case, or case controversy.").

The trial court addressed Taggart's claim in its Opinion, summarized the applicable law, and determined that the court did not lack authority to rule on

---

[5] Rule 229 provides, in relevant part, as follows: "A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial." Pa.R.C.P. 229(a); **but see also** Pa.R.C.P. 229(c) (stating that "[t]he court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.").

Defendants' Motion to Dismiss, where Taggart filed the Praecipe to Discontinue with unclean hands, for a procedural advantage. **See** Trial Court Opinion, 7/7/17, at 4-7. We agree with the trial court's cogent reasoning and determination, and therefore affirm on this basis in rejecting Taggart's final issue. **See id.**

Accordingly, as we discern no error of law or abuse of the trial court's discretion in granting Defendants' Motion to Dismiss the Third Amended Complaint, **see Coulter**, **supra**, and none of Taggart's claims entitle him to relief, we affirm the Dismissal Order.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/18

IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

KENNETH J. TAGGART                    :           NO. 15-29789

            VS.                       :

EVERBANK, OCWEN LOAN SERVICING,       :
LLC, GMAC MORTGAGE, LLC., et al

2015-29789-0111   7 7 2017 3:33 PM   = 11354326
Opinion
Repr=73174435 Fee:$0.00
Mark Levy - MontCo Prothonotary

CARLUCCIO, J.                                     JULY  7  , 2017

**OPINION**

FACTS AND PROCEDURAL HISTORY:

On February 2, 2017, after review of briefs, the trial court granted the above captioned Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. The Third Amended Complaint was captioned "Action to Quiet Title – Declaratory Relief and Related Relief." In its' ruling, the trial court further ordered that Plaintiff, Kenneth J. Taggart was barred from pursuing additional litigation against the Defendants related to the underlying property without leave of Court. *(Please See Trial Court Order dated February 2, 2017, docketed February 6, 2017)*

On March 7, 2017, the Plaintiff timely appealed the February 2, 2017, dismissal order, docketed on February 6, 2017.[1]

The trial court supports its' ruling below.

---

[1] On March 13, 2017, the trial court denied Plaintiff's Motion for Reconsideration of the February 2, 2016, ruling, as it was moot.

**DISCUSSION:**

In 2015, the Plaintiff/Appellant, Kenneth J. Taggart, filed the present Action to Quiet Title and for Declaratory Relief against the above captioned Defendant/Appellees contesting the validity of the 2008 mortgage and 2008 note affecting his property in Montgomery County.

In 2017, after a tortured procedural history, Plaintiff filed a Third Amended Complaint which the trial court ultimately dismissed pursuant to *Pennsylvania Rule of Civil Procedure 233.1 (Please See Trial Court Order dated February 2, 2017 and filed February 6, 2017).* [2]

*Rule 233.1 entitled, Frivolous Litigation, Pro Se Plaintiff, Motion to Dismiss provides,*

> (a) Upon the commencement of any action filed by a *pro se* plaintiff in the court of common pleas, a defendant may file a motion to dismiss the action on the basis that,
>
> > (1) the pro se plaintiff is alleging the same or related claims which the pro se plaintiff raised in a prior action against the same or related defendants, and
> > (2) these claims have already been resolved pursuant to a written settlement agreement or court proceeding.
>
> (b) The court may stay the action while the motion is pending.
>
> (c) Upon granting the motion and dismissing the action, the court may bar a pro se plaintiff from pursuing additional pro se litigation against the same or related defendants raising the same or related claims without leave of court.

---

[2] Please note, the factual/merit basis/rationale for the court's dismissal under Rule 233.1 is cited in Defendant Everbank's Motion to Dismiss Third Amended Complaint filed on May 20, 1016, paragraphs 52-62. However, the Plaintiff on appeal does not appear to contest the February 2, 2017, ruling on the merits. Rather, he alleges procedural error.

(d) The court may sua sponte dismiss an action that is filed in violation of a court order entered in subdivision (c). [...]

*(Pennsylvania Rule of Civil Procedure 233.1)*

On appeal, Plaintiff argues that it was error for the trial court to dismiss his Third Amended Complaint where he had already filed a Fourth Amended Complaint, thereby making the Third Amended Complaint moot. This allegation of error is baseless.

In Buonopane v. Gray, 53 A.3d 829, 838-39 (Pa.Super. 2012), our Superior Court stated that the filing of an amended pleading does not render a motion to dismiss moot under *Rule 233.1*. Thus, the trial court maintained the authority to dispose of the outstanding Motion to Dismiss Third Amended Complaint despite the subsequent filing. Further, in his order dated July 25, 2016, the Honorable Thomas M. DelRicci denied Plaintiff's request for an extension of time to file an amended complaint as requested by Plaintiff in his Motion for Enlargement of Time, Paragraph #7. *(Please See, Docket Entry, #37 Motion for Enlargement of Time, Para 7 and Judge DelRicci's Order of July 25, 2016)* Thus, the filing of the Fourth Amended Complaint was in contravention of Judge DelRicci's order. Lastly, *arguendo*, it is questionable that the Plaintiff perfected service of the Fourth Amended Complaint upon the Defendants. Plaintiff filed the Fourth Amended Complaint on June 28, 2016, but did not file a Certificate of Service until November 16, 2016, suggesting service to all Defendants on June 28, 2016. However the November 16, 2016 Certificate did not provide proof of service on all Defendants on June 28, 2016. Instead, in the following docket entries, Plaintiff provided individual Certificates of Service for the Defendants indicating service of a Complaint in 2015, however, it was not the Fourth Amended Complaint. *(Please*

3

*See, Montgomery County Docket Entry 65, Affidavit/Certificate of Service for Fourth Amended Complaint and following Certificates of Service* ) Thus, the docket does not support proper service of the Fourth Amended Complaint.

Plaintiff also claims that the court erred when it dismissed his Third Amended Complaint under *Rule 233.1, supra*, because the rule applies to frivolous litigation by **pro se** litigants, and **he was counseled** when the court issued the order. While it is true that Plaintiff's counsel entered his appearance before the February 2, 2017, ruling, it is also true that Plaintiff acted *pro se* in all of the frivolous litigation at issue in the Motion.[3] Plaintiff acted **pro se** when he filed all of the Amended pleadings (1-3) up until July 25, 2016, when present counsel, Joshua Thomas, entered his appearance. Plaintiff hired counsel at the eleventh hour in response to Defendants' Motion to Dismiss pursuant to *Rule 233.1*. Thus, based on the history of the case/docket, the court correctly applied *Rule 233.1* to the Plaintiff. Were it otherwise, *Rule 233.1* would have no teeth. A *pro se* Plaintiff could proceed endlessly with frivolous litigation to the prejudice of the opposing parties, but avoid the consequences of *Rule 233.1* by simply hiring counsel at the last minute in order to void a Rule 233.1 claim.

Finally, Plaintiff argues that the court lacked subject matter jurisdiction to dismiss his Third Amended Complaint because he had already voluntarily dismissed the action against all Defendants on February 1, 2017 ——— the day before the court's February 2, 2017, ruling. As the appellate court might have guessed, the voluntary dismissal was without prejudice.

---

[3] The court notes that in Plaintiff's Motion for Enlargement of Time filed June 6, 2016, Plaintiff's counsel indicated that he had just been retained and that he had "just entered their appearance contemporaneously with this "motion for Extension of Time." In addition, counsel filed the Fourth Amended Complaint June 28, 2016, on his letterhead. However, the docket shows that counsel did not actually enter his appearance until July 25, 2016, approximately a month later, and right before Judge DelRicci held argument on the Motion for Enlargement of Time. (Please See, Docket Entry, #37 Motion for Enlargement of Time, Para 7 and Docket Entry #58 for Joshua Thomas' Entry of Appearance.)

4

Plaintiffs filed the Praecipe to Discontinue with unclean hands. That is, Plaintiff used *Pennsylvania Rule of Civil Procedure 229* as a sword. <u>Pennsylvania Rule 229 – *Discontinuance*</u> states,

> (a) A discontinuance shall be the exclusive method of voluntary termination of an action in whole or in part, by the plaintiff before commencement of the trial.
>
> (b)(1) Except as otherwise provided in subdivision (b)(2), a discontinuance may not be entered as to less than all defendants except upon the written consent of all parties or leave of court upon motion of any plaintiff or any defendant for whom plaintiff has stipulated in writing to the discontinuance.

*(Pennsylvania Rule of Civil Procedure 229)*

Based upon the above rule, a Plaintiff may discontinue an action any time prior to trial via praecipe. Further, Plaintiff does not need court permission to do so when the discontinuance is to all defendants. However, *Rule 229(c)* also provides, that "[t]he court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice." Thus, the rule provides a remedy where a plaintiff files a discontinuance to a defendant's prejudice.

As evidenced by the docket, Plaintiff's Praecipe to Discontinue was filed to further vexate, harass and inconvenience the Defendants. Plaintiff's Praecipe to Discontinue specifically reads, "[p]lease discontinue all claims **without prejudice** against all Defendants." *(emphasis added)* Thus, Plaintiff clearly intends to re-file the present action against the present Defendants. Further, Plaintiff filed the

5

Praecipe to Discontinue knowing that there was an outstanding Motion to Dismiss, pursuant to *Pennsylvania Rule of Civil Procedure 233.1*, upon which the court was in the process of ruling. Yet, Plaintiff did not inform the court of the impending dismissal. Rather, the Plaintiff raced to file his Praecipe to Discontinue in order to preclude a Rule 233.1 ruling.

The Plaintiff at bar has become an expert at manipulating court rules and misusing the court system to his advantage. Throughout the litigation, whenever preliminary objections were filed to his Complaint, Plaintiff simply filed an Amended Complaint, almost identical to the previous one, in an attempt to moot the Preliminary Objections. Plaintiff adopted the same tactic with his Praecipe to Discontinue. Defendants filed a Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Rule 233.1 and Plaintiff responded with a Praecipe to Discontinue the action in order to moot a Rule 233.1 ruling. The docket supports this strategic judicial manipulation.

Further, the overlapping rulings at bar precluded the Defendants from filing a Petition to Strike Off Plaintiff's Discontinuance under *Rule 229(c), supra.,------* a remedy which would have likely been granted. As our courts have held, "[w]henever it therefore appears a party discontinues one suit, for the purpose merely of instituting another for the same cause of action elsewhere, the court, on motion, will set aside the discontinuance, and reinstate the former suit, and subject the party to the consequences of his own actions." *Brown v. Phillips Gas & Oil*, 74 A.2d 105, 159 (Pa. 1950), quoting, *Mechanics Bank v. Fisher*, 1 Rawle 341, 347; *Please See, Brown, where the discontinuance granted by the court was reversed because the discontinuance was purely for a procedural advantage. The Brown case is factually similar to the case at bar involving multiple amended*

6

*pleadings and an outstanding motion)* Thus, even if the appellate court were inclined to vacate the trial court's February 2, 2017, dismissal, the equities mandate that the matter be remanded to allow the Defendants to file a Petition to Strike Off Plaintiff's Discontinuance under *Rule 229(c)*.

Finally, based on the equities and <u>Brown</u>, any remand would likely result in reinstatement of the action at bar and the eventual dismissal of Plaintiff's Third Amended Complaint. This of course would place the parties in exactly the same posture as of the court's February 2, 2017, appealed ruling ---except for the passage of a significant amount of time---which presumably has been Plaintiff's strategy all along.

Accordingly, for the foregoing reasons, the trial court respectfully requests that the February 2, 2017, order be AFFIRMED.

**By the Court:**

The Honorable Carolyn Tornetta Carluccio

Copies of the above Opinion
mailed on  **7-7-17**   to:
Joshua L. Thomas, Esquire
Laura E. Vendzules, Esquire
Matthew M. Maher, Esquire
Ally Bank, 6985 Union Park Ctr., Midvale, UT 84047
GMAC Bank, 6985 Union Park Ctr., Midvale, UT 84047
Thomas P. Stevens, Esquire
MERS, 1818 Library St., Reston, VA 20190
Dawn Didnato-Burke, Esquire

Secretary

7