## Rieder, Appellant, *v.* Rieder.

*Divorce—Counsel fee and expenses—Order for payment after judgment.*
Where in a divorce proceeding the court grants a rule for an order for additional counsel fee and expenses on the same day that judgment is entered, the court has power subsequently to order the payment of the additional counsel fee and expenses, notwithstanding the fact that judgment had been entered.

Argued Oct. 22, 1902.    Appeal, No. 134, Oct. T., 1902, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1900, No. 6, directing payment of counsel fee and expenses in case of Lewis Rieder v. Mary B. Rieder.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. ˋAffirmed.

Libel for divorce.
Rule for an order for additional counsel fee and expenses.
The opinion of the Superior Court states the case.

*Error assigned* was the order ordering payment of additional counsel fee and expenses.

*S. Morris Waln*, for appellant.—From the date of the judgment in divorce, neither party has any claim upon the other except such as has been given in the judgment itself: Brown on Divorce, 306 ; Wagner v. Wagner, 34 Minn. 441 (26 N. W. Repr. 450) ; Bay's App., 6 Atl. Repr. 40 ; Beadleston v. Beadleston, 9 Civil Proc. Rep. (N. Y.) 440 ; Winton v. Winton, 31 Hun (N. Y.), 290 ; Maher v. Maher, 21 Pa. C. C. R. 562 ; Thornton v. Thornton, 47 Pitts. Legal Jour. 111 ; Groves's App., 68 Pa. 143 ; Herr v. Herr, 17 Lanc. Law Rev. 211.

An application, pendente lite, for counsel fees, etc., to enable the wife to maintain or defend her suit is proper and within the power of the court to grant. After such a proper allowance has been made and the case tried and judgment entered, there is no reason and no necessity for such an order : Blake v. Blake, 70 Wis. 238 (35 N. W. Repr. 551).

*Eugene Raymond*, for appellee.—That the court not only had the authority, but that it was its duty to make a proper allowance, and that such action is not reviewable, is sustained by the following decisions on the subject : Breinig v. Breinig, 26 Pa. 161 ; Waldron v. Waldron, 55 Pa. 231 ; Powers's App., 120 Pa. 320.

PER CURIAM, November 19, 1902 :

On June 4, 1902, a rule for an order for additional counsel fee and expenses incurred by the respondent was granted. An answer was filed by the libellant, and, upon the same day, the jury fee was paid and judgment entered.

June 19, 1902, the court ordered that libellant pay the respondent the sum of $250 for additional counsel fee and expenses. This order is assigned for error upon the ground that it was made after the date of the judgment.

The libellant voluntarily, by his answer, submitted himself to the jurisdiction of the court on the same day in which judgment was entered. Whether before or after is immaterial. The rule for the allowance was pending at the time the judgment was entered. The appellant practically concedes the right of the court to make such an order and that the amount is subject to its discretion. The allowance of such an order is an incident of the suit and we can see no reason why, after judgment was entered, the authority of the court to exercise its discretion ceased. The making of such a decree as is complained of here is as much an incident of the judgment as the taxation of costs. Indeed it is difficult to see how the amount necessary for the payment of counsel fee and expenses can be finally determined until the judgment has been entered. The court below did not exceed its authority in making the order and there is no evidence of any abuse of discretion. The order of June 19, 1902, awarding the respondent the sum of $250 for additional counsel fee and expenses is, therefore, affirmed.