## Witmer v. Witmer.

*Ivan Walker* (with him *N. B. Spangler*), for libellant and rule.
*W. G. Runkle*, for respondent.

FLEMING, P. J., Dec. 3, 1928.—The question before us is the right of the libellant to discontinue this action in divorce without prejudice. The respondent's only apparent objection to the allowance of this request lies in her insistence upon the payment of an alleged order made by the late Judge Keller verbally at the time of the argument of the rule for alimony *pendente lite* on Nov. 17, 1926. No formal entry of such order appears in the record. We have no reason to doubt the statement of counsel that the late judge so expressed himself from the bench at such hearing, and no doubt it was his intent to formally enter such an order when so suddenly stricken on March 2, 1927.

However, in the light of the delay of the respondent in calling this alleged verbal order to the attention of the court and requesting a formal order to be entered, coupled with the present admissions of respondent's counsel as to the subsequent conduct of the respondent, we do not see how we can in conscience compel its enforcement as a condition precedent to allowing the request for a discontinuance.

The subpœna in divorce was served personally on the respondent on Aug. 16, 1926. On Sept. 4, 1926, an answer was filed. On Sept. 13, 1926, rules for alimony *pendente lite* and for a jury trial were allowed, both returnable the first Monday of October, 1926. The matter was heard before Judge Keller on Nov. 17, 1926, at which time, it is averred, the court directed the payment of a counsel fee of $75 and the payment of the sum of $15 per month pending the proceedings. From this point on, the record shows no further action by the respondent. To enforce the alleged order would require the libellant to pay the sum of $360 in addition to the counsel fee. According to admissions of counsel for respondent, during the period of accrual of this sum the respondent has not conducted herself in a proper manner and by such conduct has afforded the libellant further grounds for divorce not set forth in the original

libel. To compel the libellant to pay the respondent such sum before placing himself in a position to avail himself of these new grounds would be but to reward the respondent for her misbehavior and illegal acts. This would be wholly contrary to conscience and to the laws of ordinary morality and justice. We will, therefore, enter the following decree:

And now, Dec. 3, 1928, after due consideration, the motion of the libellant for permission to discontinue this action in divorce, without prejudice, is allowed, and the alleged verbal order of this court dated Nov. 17, 1926, is vacated and set aside, upon the payment by the libellant to respondent's counsel of the sum of $75 as counsel fee, and upon the further payment of the costs of this proceeding.

From S. D. Gettig, Bellefonte, Pa.