## Baumhauer v. Baumhauer

*Thomas W. Maher*, for libellant.

*Joseph L. Fox*, for respondent.

CRUMLISH, J., March 31, 1942.—This is a petition by a wife respondent, filed after date of order of court dismissing her husband's libel, for an award of additional counsel fee.

Four meetings were held by the master who recommended that the libel be dismissed. Exceptions thereto were dismissed after argument, the master's report approved, and the libel dismissed in an opinion by Oliver, P. J. (105 L. I. 721).

Previous to the date of the dismissal of the libel, respondent had secured an award of counsel fee. The petition for additional counsel fee, filed 39 days after the decree dismissing the libel, asked that libellant pay an additional sum to compensate respondent's counsel for the additional effort expended by him.

Libellant objected to an award for additional counsel fee, not on the ground that it was unreasonable or exorbitant but on the grounds: First, that the petition was filed on the first day of the new term, December 1, 1941, and since the final order issued in the September 1941 term the judgment may not be amended after the expiration thereof; and secondly, that the court cannot make an award on a petition filed after final order because such order forecloses the court's jurisdiction to do so.

After considering the objections raised, we feel that

the question involved does not concern itself with the subject of opening a judgment after term time but may be stated as follows:

Where a divorce action is terminated by the entry of a final decree or order, may the court make an award of additional counsel fee on a petition filed subsequent to the entry of such final decree or order?

The question of the court's jurisdiction to pass upon similar petitions when filed prior to the entry of the final decree, on the same day thereof, and pending appeal, has been considered by our courts. In Rieder v. Rieder, 21 Pa. Superior Ct. 488 (1902), the court granted a rule for an order for additional counsel fee on the same day the judgment was entered and subsequently ordered payment thereof. In affirming the action of the lower court in so ordering payment, it was, in a per curiam opinion, held (p. 489):

"The allowance of such an order is an incident of the suit and we can see no reason why, after judgment was entered, the authority of the court to exercise its discretion ceased. The making of such a decree as is complained of here is as much an incident of the judgment as the taxation of costs." See also King v. King, 36 Pa. Superior Ct. 33 (1908).

In White v. White, 106 Pa. Superior Ct. 85 (1932), the petition for alimony and counsel fee was presented after the entry of a decree of absolute divorce and while an appeal from this order was pending in the appellate court. It was there held that the order for alimony, counsel fee, and expenses, although docketed properly in the same case, was a collateral matter aside from the final decree in divorce from which appeal was made and in no way affected such decree. The ruling in the White case was followed in the recent case of Foust v. Foust, 144 Pa. Superior Ct. 513, 515, 516 (1941), where a similar set of facts was presented.

In Borckman's Appeal, 2 Walker 285, 287 (1885), Kettering v. Kettering, 68 Pitts. 175 (1920), and

Jones v. Jones, 30 Dist. R. 808 (1921), the rules were taken while the divorce proceedings were pending but remained undisposed of after the termination thereof. In the Jones case, in a well-considered opinion by Broomall, J., it was held:

"But where a rule is taken *during* a proceeding to pay counsel fees and alimony *pendente lite*, the *right* of the court to order the allowance *attaches* and cannot be defeated by an application of the libellant to discontinue: Borckman's Appeal, 2 Walker 285. So a rule for an allowance to a wife respondent for counsel fees and support, taken during the proceeding, will be enforced after a dismissal of the libel: Powers's Appeal, 120 Pa. 320; Hartje v. Hartje, 39 Pa. Superior Ct. 490.

. . . .

"We are of opinion, on reason and authority, that where application is made for an allowance of counsel fees during the pendency of the proceeding, the court has jurisdiction of the subject and retains it, notwithstanding the entry of a decree of divorce. It only remains to fix the amount." (Italics supplied).

In Powers' Appeal, supra (1888), the lower court had discharged the rule for counsel fee at the time it granted the divorce and the Supreme Court, on appeal, in reversing, made an order for counsel fees to be enforced by the lower court. In Breig v. Breig, 16 Dist. R. 346 (1907), additional counsel fee was allowed the wife respondent after the entry of judgment on a verdict of a jury against her but before the entry of the final decree; and the entry of the final decree was made conditional upon payment thereof. Compare also Malinoski v. Malinoski, 11 Northumb. 251 (1933), and Vieira v. Vieira, 25 Del. Co. 204 (1935).

There can be no question, therefore, about the court's authority to make an award for counsel fee after the entry of a final decree or order, provided a petition therefor was filed during the lifetime of the divorce proceeding; and such action on the part of the court

may be without regard to the term time in which the final decree or order was entered.

On the subject of the court's authority to allow counsel fee after the entry of a final decree or order, we are unable to find and counsel has not cited any case in this jurisdiction deciding the point involved.

Our jurisdiction is derived from section 46 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §46, which provides:

"In case of divorce from the bonds of matrimony, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

In Kline v. Kline, 29 Del. Co. 391 (1940), the application was for an attachment on a rule to show cause why the libellant should not be held in contempt because of his failure to pay additional counsel fee which had been ordered subsequent to the date of the final decree in divorce. After taking into consideration libellant's circumstances and the fact that the order for additional counsel fee had been "perhaps improvidently granted", Judge MacDade said, by way of dicta, (p. 393):

"Additional counsel fee may be allowed as the case progresses and not when it is ended, except where a petition for such was presented to the court before the proceeding was concluded."

An examination of the authorities in other jurisdictions discloses the rule applicable to be as lately stated in 27 C.J.S. 918, §221 (1941):

"*After final judgment*, unless an appeal . . . or a motion for a new trial . . . or to vacate the judgment is pending, counsel fees or allowances for expenses incurred in the trial of the case are not, usually, authorized, this being particularly true after the trial judge has lost jurisdiction to set aside or modify a decree of divorce and after the expiration of the time for taking an appeal." See also 19 C.J. 231, §546.

The reason for this rule is stated aptly in 1 R. C. L. 912, sec. 59:

"In some jurisdictions, however, statutes provide that counsel fees and suit money may be awarded only where necessary to enable the wife to carry on the litigation. It has been held, under such provisions, that if the wife delays her application until after the rendition of the services, an allowance may not be made in her favor for services already performed, for the reason that it is not necessary, as the facts themselves show that she was able to carry on the suit without the assistance of an allowance for that purpose." See also 17 Am. Jur. 449, §565, Beadleston v. Beadleston, 103 N. Y. 402, 405, 8 N. E. 735 (1886), and Morgan v. Morgan, 104 Conn. 412.

Reasoning from the authorities on the subject, we reach the conclusion that, where a petition for counsel fee is not filed until after the entry of a final order or decree in divorce, it is not in season and we are without jurisdiction to consider it. Although it is unfortunate counsel here is foreclosed, nevertheless, we feel that the rule adopted is the better one and is the one which the text writers and cases suggest as applicable to this situation. Petitions for additional counsel fee may be filed within the time limits fixed by the authorities already discussed just as easily as afterwards. To extend the time limit, particularly in cases which have been terminated by final decree, would place an additional uncalled-for burden upon the husband and would tend to continue litigation which should otherwise be terminated by the final decree. That rule which has for its purpose final determination of any litigation is the better one. There must be limitations, and the logical limitation is the end of the action, for when the action is ended the parties are no longer before the court or within its jurisdiction, unless prior thereto the petition has been filed.

Accordingly, the petition for additional counsel fee is dismissed.