## Richardson v. Richardson

*Jamieson & Glassman,* for libellant.

*Harold S. Hampson,* for respondent.

WADE, P. J., January 16, 1943.—This case involves the question whether or not a discontinuance of a divorce action was effective, and counsel bound thereby, where both counsel announced in open court that a

reconciliation had been made between the parties, the court acceding thereto, although no formal motion of discontinuance was made and no formal order thereon entered. Harold S. Hampson, Esq., takes the position that the case is still pending for a determination of his counsel fees (support having been furnished), and William Glassman, Esq., takes the position that the case is moot, there having been a reconciliation between the husband and wife.

After the alleged reconciliation and discontinuance Harold S. Hampson, Esq., placed the petition for counsel fees down for hearing and called respondent to show that he had not been paid in this case, that respondent was unable to pay, and that libellant was able to pay respondent's attorney fee. On cross-examination respondent did say that a reconciliation had been effected at the time the attorneys so announced in court. She testified that she had paid her attorney $50, but Harold S. Hampson, Esq., took the stand to show that this payment was for other matters. No issue was made of the ability of libellant to pay a reasonable attorney fee. William Glassman, Esq., objected to the testimony on the basis that the parties had become reconciled, and there was no longer any legal controversy before the court.

Counsel for respondent cited the case of Murphy v. Murphy, 8 Phila. 357, to show that the discontinuance was not binding. However, the court in that case states (p. 359) :

"Does the case as it thus stands require us to grant the request of the libellant, and allow the entry of discontinuance to be placed upon the record as of a day anterior to the bringing of the second suit? We think that it does not; first, because there is no proof of the agreement of counsel; and, second, if the agreement had been put in writing (if one ever existed), and entered of record, without the consent of the respondent,

[in the case at bar the reconciliation and statement of counsel is admitted] we would feel ourselves required to strike it off. If this was a suit for the recovery of money, the principle established by the decided cases would require us to see that no wrong was done to the defendant, or unfair advantage taken by the plaintiff by a discontinuance entered without formal leave.

"But what shall we say of a proceeding which is far more than an ordinary suit at law, which has for its object, not the enforcement of a contract for the recovery of money or lands, but which asks for the dissolution of the most sacred of all the relations into which parties can enter; which, more than all others, affects the welfare not only of husband and wife, but of the helpless and innocent fruit of the marriage as well?

"The rule regulating discontinuance of actions at law, applies with tenfold force to a proceeding instituted by a husband or wife to obtain a dissolution of the relation of marriage, because of such proceedings the law does not give to the parties a control by their own agreement; the statute forbidding, as it does, the institution even of such a suit by consent or collusion; and when once commenced, courts step in and assume the regulation of every detail of the proceeding which is supervised with so much care . . ."

Consequently, it will be seen that the law favors the maintenance of the marriage status, rather than anything that will be apt to separate husband and wife. Therefore, everything within reason should be done by all to foster reconciliation.

Authority need not be cited to the effect that a wife is entitled to counsel fees from her husband to the extent, but only to the extent, that such services are necessary. Where the proceedings have been abandoned by the husband or a reconciliation has admittedly been effected, the wife is no longer in need of protection.

"The allowance for counsel fees is not for the benefit of counsel, but for the protection of the wife . . .": Beers v. Beers, 4 Lanc. L. Rev. 154.

As was stated in Maas v. Maas, 16 W. N. C. 130: "This proceeding . . . having been abandoned [and in the case at bar, dropped by reconciliation], it does not appear that the wife had need of the services of counsel."

Therefore, when the instant counsel for both parties stated in open court that the parties were reconciled, and the court had acceded to the statement of counsel, there was no longer any need for proceedings for the protection of the wife in this case. In view of the humane policy of the law in regard to settlement of matrimonial disputes, this court is of the opinion that the formal details of clearing the record by a formal motion and order were not of such moment as to keep the case of these parties an open matter. Obviously, no order could be made that would prejudice the vested rights of counsel in any fees that had accrued to him before the reconciliation. For example, if counsel had protected the wife through a protracted controversy and had rendered extensive service, the court could not, and would not, leave counsel without remedy because the parties had become reconciled.

The case of Borckman's Appeal, 2 Walker 285, is in point. The court below, which was affirmed on appeal, said:

"This rule was reached upon the argument list and taken up for consideration, whereupon counsel for libellant asked leave to discontinue his application for divorce in this case."

The present case is stronger in this respect, as both parties announced, through their attorneys, that they had become reconciled. In Borckman's Appeal, supra, the court continued:

"We fully recognize the right of the libellant to withdraw his action, but do not think he can thereby de-

feat the right of the respondent to compel him to pay expenses of counsel actually incurred in the case up to the time of the withdrawal . . ."

The problem in this case, therefore, resolves itself into an inquiry as to what services were rendered before the announcement of the reconciliation by the attorneys, because it was only before that that the respondent needed protection at the expense of her husband. The only service that is disclosed by the record is the filing of the petition for alimony and counsel fees (alimony having been paid), and any conferences incident thereto. The parties were involved in considerable domestic difficulties as there was an action for nonsupport, which was settled, and another action for assault and battery. Harold S. Hampson, Esq., testified that he had received the $50 from Mrs. Richardson, the respondent, but further testified that that amount was for services pertaining to the other phases of their domestic differences.

In the present case there were no hearings, no testimony taken, and no legal steps, other than the filing of the petition for alimony and counsel fees and the verbal notice to the court of the reconciliation, so far as were needed for the protection of respondent. Therefore, the court is of the opinion that $25 is a reasonable amount under all the circumstances for the services rendered, including the notice of reconciliation of the parties.

### Order

And now, to wit, January 16, 1943, it is hereby ordered and decreed that the motion of William Glassman, Esq., attorney for libellant, for a discontinuance be allowed upon the payment of $25 to respondent for attorney fees, and the payment of record costs. Exceptions are hereby allowed.