## Auch v. Auch

*Raspin, Espenshade & Heins*, for plaintiff.
*Sabato M. Bendiner*, for defendant.

FLOOD, J., June 16, 1950.—Defendant's petition avers that her counsel has spent 130 hours in conference, research, appearances in court and before the master in this case and has expended $90.65 in costs. She seeks an order against plaintiff for payment of her counsel fee and reimbursement of these costs.

Plaintiff opposes the petition upon the ground that it has been filed too late, relying upon the cases of Baumhauer v. Baumhauer, 44 D. & C. 565 (1942) and Kline v. Kline, 29 Del. Co. 291 (1940). These cases hold that a petition for alimony and counsel fees filed

after the entry of the final order dismissing the complaint comes too late. Since the petition before us was filed after the final order, dismissing the bill, plaintiff argues that it cannot be entertained by the court.

This court has adopted a different practice under circumstances somewhat similar to those in this case: Wagner v. Wagner, C. P. No. 6, September term, 1949, no. 4455, filed March 10, 1950. The dicta in such cases as Rieder v. Rieder, 21 Pa. Superior Ct. 488 (1902) ; Hartje v. Hartje, 39 Pa. Superior Ct. 490 (1909) and Fernald v. Fernald, 5 Pa. Superior Ct. 629 (1897), all seem to contemplate a rule contrary to the decisions above cited, at least if the rule is filed, as here, before the time for appeal has expired. See 2 Freedman on Marriage and Divorce, p. 969 et seq. However, in this case we need not decide this issue since the matter of counsel fees was held open following the presentation for hearing of a petition filed long before the bill was dismissed. We discharged the earlier rule because defendant's counsel, as appears in his brief then filed, stated that he wished the matter deferred because of the incomplete state of the record. It is our opinion that, under the circumstances, the matter was not closed by the order dismissing the bill and we therefore proceed to dispose of it.

Defendant asks for a counsel fee in the sum of $2,500. It may be that her counsel's service was worth this amount to defendant, based upon the work done in his various appearances before us and the master. But under all the circumstances and in view of the evidence we have before us relative to the financial circumstances of the parties, an order for the payment of $1,000 counsel fee is in our opinion a proper one.

Rule absolute for counsel fee in the sum of $1,000 and costs in the sum of $90.65.