Quattrone *v.* Quattrone, Appellant.

Argued March 16, 1976. Before WATKINS, P.J., JACOBS, HOFFMAN, PRICE, VAN DER VOORT, and SPAETH, JJ. (CERCONE, J., absent).

*W.J. Krencewicz*, for appellant.

*Martin D. Cohn*, with him *Lawrence B. Cohn*, and *Laputka, Bayless, Ecker & Cohn*, for appellee.

OPINION BY JACOBS, J., June 28, 1976:

In March of 1968 plaintiff-appellee, Anthony F. Quattrone, filed a complaint in divorce in the Court of Common Pleas of Luzerne County. His wife, Constance M. Quattrone, appellant in this case, answered the complaint and in addition thereto filed a petition for alimony pendente lite, counsel fees and expenses. In August, 1968, the court in Luzerne County ordered appellee to pay appellant $100.00 each week for herself and the three minor children of the marriage and the sum of $500.00 for counsel fees. After the filing of a Bill of Particulars on February 21, 1969, nothing further was done with the divorce action until March 6, 1975 when appellee personally filed a motion with the Prothonotary of Luzerne County to discontinue the action as of that date. Subsequently, on July 3, 1975, appellant filed a petition to strike off the discontinuance alleging that she was prejudiced thereby.

A hearing on the petition was held on July 22, 1975 where the following facts were revealed: (1) After commencement of the divorce proceedings appellee had

moved to Bradford County and then to Lycoming County; (2) At the time of the hearing, he had resided in Lycoming County for five years and had recently commenced a divorce action there against appellant; (3) At the time of the hearing, appellant was a resident of Schuylkill County; (4) Appellant had never received the $500.00 from appellee for counsel fees pursuant to the Luzerne County Court's August 1968 order; (5) Appellant was not receiving sufficient support payments, however, proceedings were underway in Schuylkill County on that matter. The record also disclosed that appellant was represented by counsel at the divorce proceedings in Lycoming County. The court below found that appellant was not being subjected to any unreasonable inconvenience, vexation, harassment, expense or prejudice by the discontinuance. Accordingly, appellant's petition to strike off the discontinuance was denied on the condition that appellee would pay appellant counsel fees in the sum of $500.00. The present appeal followed.

The right of a party to obtain a discontinuance of an action is governed by Rule 229 of the Pennsylvania Rules of Civil Procedure. Rule 229 provides *inter alia:*

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial. . . .

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

"Decisions as to the granting of such requests for discontinuances rest in the discretion of the trial judge and can be reviewed only as to the abuse of that discretion." *Martinelli v. Mulloy,* 223 Pa. Superior Ct. 130, 133, 299 A.2d 19, 20 (1972).

Appellant first argues that the court below erred in allowing the Luzerne County divorce action to be discontinued when it appeared that appellee had com-

menced a second divorce action in Lycoming County. As early as 1829 the Supreme Court of this Commonwealth in *Mechanics' Bank v. Fisher*, 1 Rawle 341, 347 (Pa. 1829) observed: "Whenever ... it appears a party discontinues one suit, for the purpose, merely, of instituting another for the same cause of action elsewhere, the court, on motion, will set aside the discontinuance, and reinstate the former suit, and subject the party to the consequences of his own acts." The above authority has been followed by at least two later decisions. *Brown v. T.W. Phillips Gas & Oil Co.*, 365 Pa. 155, 74 A.2d 105 (1950); *Yachere v. Yachere*, 52 Pa. D. & C. 2d 768 (C.P. Somerset 1971). In *Mechanics' Bank v. Fisher*, supra, the Court noted that in the discontinued suit the arbitrators had proceeded to make an award and that the plaintiffs had entered the discontinuance "with a view to vex and oppress a defendant." *Id.* at 348. Similarly, in *Brown v. T.W. Phillips Oil & Gas Co.*, supra, the granting of the discontinuance caused great inconvenience and expense to the defendant. In that case, the first trial had ended in a mistrial and plaintiffs thereafter filed several amended complaints before requesting a discontinuance. In reversing the lower court's granting of the discontinuance, the Supreme Court stated: "By no means should the court below have permitted the plaintiffs to discontinue the action, over the defendant's objection, *after the extent of the litigation to which they had subjected the defendant* in a competent and convenient jurisdiction which they had voluntarily invoked." *Id.* at 158, 74 A.2d at 107 (emphasis added). In *Yachere v. Yachere*, supra, which was also a divorce action, the plaintiff although a resident of Pennsylvania discontinued his divorce action in Pennsylvania to enable him to proceed with a divorce action in the State of Nevada. The court there observed: "If plaintiff had some discernible legitimate cause for going west to sue, we would not place too much emphasis on the differences in substantive and procedural divorce law as between Pennsylvania and Nevada, nor upon the practical burdens imposed upon defendant by the

distance involved ...; but in the absence of such a showing these latter considerations loom large and are in fact vexatious and prejudicial to defendant. Under the circumstances we must strike the discontinuance." *Id.* at 776.

In the present case, none of the circumstances which prompted the courts to deny the discontinuances in the aforementioned cases are present. The divorce action in Luzerne County went no farther than the filing of the Complaint, the Answer, and a Bill of Particulars. No master was ever appointed nor was appellant subjected to any great expense by the Luzerne County action. In contrast to the *Yachere* case, plaintiff-appellee here moved his residence to Lycoming County and had a practice of dentistry there for at least five years prior to discontinuing the action in Luzerne County. It is obvious to this Court that appellant did not move to Lycoming County *solely* to commence a new divorce action there. Additionally, appellant was no longer a resident of Luzerne County at the time of the hearing. According to the lower court she had been a resident of Schuylkill County for a considerable length of time. Although appellant argued to the lower court that it would be difficult for her to defend the action in Lycoming County, she had in fact been represented by counsel there in prior proceedings. We agree with the court below that no "unreasonable inconvenience, vexation, harassment, expense, or prejudice" has been established by the evidence. *See,* Pa.R.C.P. 229. The lower court did not abuse its discretion in refusing to strike off the discontinuance.

Appellant's second and final argument is that the lower court erred in permitting the discontinuance without requiring appellee to make payment of the alimony pendente lite that was in arrears. It has been recognized in Pennsylvania as well as in other states that a court has the discretion to condition a discontinuance upon the payment by the plaintiff of the alimony pendente lite that was in arrears. In *Witmer v. Witmer*, 12 Pa. D. & C. 101 (C.P. Centre, 1928), the court

considered conditioning a discontinuance on the payment of alimony pendente lite arrearages but declined to so order because of the wife's misconduct after the commencement of the first divorce action. The Supreme Court of North Carolina has also recognized the discretionary power of the courts to condition the dismissal of a divorce action on payment of arrearages: "Before entering judgment dismissing the action, the court should have considered whether or not payment of sums in arrears by plaintiff should be made a condition of entering the judgment in accordance with his motion.... We cannot hold that it was irregular, i.e., contrary to the course and practice of the court, to enter judgment of nonsuit, without making the payment of alimony pendente lite, in accordance with the order entered while the action was pending, a condition of dismissing the action." *Caldwell v. Caldwell,* 189 N.C. 805, 812, 128 S.E. 329, 334 (1925).

In the present case, although the petition to strike off the discontinuance alleged that appellee was $10,000.00 in arrears on the order for alimony pendente lite, no proof was offered by appellant at the hearing on the petition regarding the question of arrearages. In fact, just the opposite occurred. During the hearing appellant's Luzerne County counsel stated to the court "I hereby, as an officer of the Court, certify that neither Mr. Krencewicz [appellant's local counsel in Schuylkill County] or I received a nickel for counsel fees from Mr. Quattrone [appellee]. I understand that he's been paying, but not sufficiently for support [alimony pendente lite]. *That belongs to Schuylkill County, however."* A few moments later, appellee's counsel replied: "Your honor, he's [appellee's] paying — —." But appellant's counsel responded: "But he's back, *but that belongs to Schuylkill County, so I won't burden you with that."* Notes of Testimony of Hearing on July 22, 1975 at 5-6 (emphasis added). Apparently counsel for appellant was only asking the lower court to condition the discontinuance on the payment of counsel fees. From the above statements and

the absence of any evidence by appellant on the question of arrearages, it becomes evident that appellant was not pressing her claim for arrearages. Furthermore, the lower court's opinion makes it clear that arrearages were neither requested by appellant nor was any motion therefor denied. Under these circumstances it would be difficult to find that the lower court abused its discretion in not conditioning the discontinuance on the payment of arrearages when no such request was made by appellant.[1]

---

1. Even though the discontinuance was not conditioned on the payment of the arrearages, it is the opinion of this Court that appellant is not without a remedy to obtain the arrearages. Although an order for alimony pendente lite continues only for the duration of the divorce, a claim for arrearages or for unpaid counsel fees that arose during the pending action may be enforced after the termination of the action by discontinuance or by final decree of divorce. See Borckman's Appeal, 2 Walker 285 (Pa. 1885); Rieder v. Rieder, 21 Pa. Superior Ct. 488 (1902); Richardson v. Richardson, 47 Pa. D. & C. 42 (C.P. Warren 1943); Baumhauer v. Baumhauer, 44 Pa. D. & C. 565 (C.P. Phila. 1942); Jones v. Jones, 30 Pa. Dist. 808 (C.P. Delaware 1921); Dipple v. Dipple, 15 Pa. Dist. 547 (C.P. Allegheny 1906). But see Chase v. Chase, 15 Pa. Dist. 131 (C.P. Lackawanna 1905). Furthermore, a majority of jurisdictions, including Pennsylvania, considering the issue have allowed enforcement of past defaults in payment of alimony pendente lite even after the conclusion of the divorce action. See Annot., 154 A.L.R. 530 (1945).

The procedure involved in obtaining a judgment for arrearages on the alimony pendente lite order is covered by the Act of May 2, 1929, P.L. 1237, §46, as amended, Act of August 14, 1963, P.L. 1065, No. 462, §1, Act of October 19, 1967, P.L. 451, No. 207, §1, Act of June 27, 1974, P.L. 403, No. 139, §1, 23 P.S. §46 (Supp. 1975-76) which reads as follows:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses. If at any time, either before or after a final decree has been entered divorcing the parties, the spouse is in arrears in the payment of the alimony pendente lite, counsel fees and expenses so allowed, the other spouse or ex-spouse, as the case may be, may, by affidavit of default, upon praecipe to the prothonotary, obtain a judgment for such arrearages: Provided, That no such judgment shall be entered more than one year after a final decree is issued." (Emphasis added.)

Order affirmed.

We construe "if at any time" to mean that a spouse may obtain a judgment for arrearages after a discontinuance has been entered.