## Morin v. Morin

*Richard J. Habgood,* for plaintiff.

GARB, *J.,* February 3, 1978 — By virtue of the application of Bucks County Rule of Civil Procedure *266 plaintiff's petition to discontinue this divorce action is before us. On July 22, 1976, plaintiff secured a rule to show cause why this divorce action should not be discontinued. Defendant filed an answer to the aforesaid petition objecting to the discontinuance. Depositions have been taken in support of the rule and the matter then submitted to us for disposition.

The complaint in divorce was filed on June 26, 1975. No answer was filed but an entry of appearance was filed on behalf of defendant. A motion was filed for appointment of a master and such appointment was made. The master fixed a hearing for September 16, 1975, which hearing was continued. A subsequent hearing was fixed for January 5, 1976, which, however, was not held. From that date to this no master's hearing has been held.

Initially, there appears to be a procedural question which, however, in the context of this case, does not require disposition. Bucks County Rule of Civil Procedure *1138 provides that in divorce cases a discontinuance shall not be entered without notice to defendant and leave of court. Pennsylvania Rule of Civil Procedure 229(a) provides that a discontinuance shall be the exclusive method of voluntary termination of an action by plaintiff before commencement of the trial. Subsection (c) of Rule 229 provides that the court upon petition and after notice may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice. There seems to be no definitive ruling by an appellate court in this Commonwealth as to whether Rule 229 supersedes local rules such as Bucks County Rule *1138 in divorce actions or whether, notwithstanding Rule 229, the local court may by rule require leave of court. Admittedly Quattrone v. Quattrone, 240 Pa. Superior Ct. 619, 361 A. 2d 399 (1976), acknowledged that Rule 229 is applicable in divorce actions. However, we cannot determine from that opinion whether there was a local rule requiring leave of court, and if so, whether it may be applied notwithstanding Rule 229. Yachere v. Yachere, 52 D. & C. 2d 768 (1971),

would seem to hold, upon extensive discussion, that Rule 229 governs and supersedes any local practice requiring leave of court in order to discontinue a divorce action. See also Keiser v. Keiser, 4 D. & C. 2d 65 (1955).

The question is academic in this case, in any event, because plaintiff did proceed by rule to show cause essentially seeking leave of court in advance of the discontinuance. Regardless of whether Rule 229 is exclusive or Bucks County Rule *1138 may be implemented, in either event, the question of granting leave to discontinue or of striking a discontinuance if taken as of course under Rule 229 would be the same. See Keiser v. Keiser, supra.

The applicable standards for determining whether to grant leave to discontinue a divorce action or to strike a discontinuance once granted have been stated often. Permission to discontinue a divorce action is a matter within the sound discretion of the court and ordinarily plaintiff may discontinue at any time prior to a decree. The court will not refuse an application to dismiss a divorce action unless defendant will thereby suffer a disadvantage or unless the public has an interest to the contrary. Although defendant may suffer a disadvantage in that she will be unable to present testimony to prove the assertions of plaintiff false, in this context the word "disadvantage" seems to contemplate a situation where defendant has filed a counterclaim or an answer seeking affirmative relief. Divorce actions are to be discouraged and a plaintiff may, therefore, suffer a non-suit as in other actions save under exceptional circumstances: Crosby v. Crosby, 42 D. & C. 452 (1941). See also Schultz v. Schultz, 77 D. & C. 191 (1951).

At common law a discontinuance means no more

than a declaration of plaintiff's willingness to stop the action. It is not an adjudication of his cause nor an acknowledgement that he has no cause of action. Therefore, since the discontinuance does not adjudicate any part of the subject matter of the action it is not res judicata and is not a bar to a subsequent action on the same cause of action: Yachere v. Yachere, supra.

Considering the facts of this case, we are satisfied that our discretion should be exercised in favor of permitting the discontinuance.

At the time of institution of this divorce action both plaintiff and defendant were residents of Bucks County. Plaintiff has since moved to and become a resident of Sullivan County. Plaintiff suffers ill health and is totally disabled. His sole sources of income are from three monthly disability payments from the United States Navy from which he was medically discharged, Social Security and from Allied Chemical. His total monthly income from the three disability payments is $787.31. He and defendant had three children born of the marriage and one of them resides with plaintiff. That son receives a monthly Social Security payment of $57.90. Plaintiff pays $300 per month to defendant for the support of the other two children who reside with her. Plaintiff has no bank account, stocks or bonds, trust funds or any other sources of income. As stated, he is totally unemployed, is unemployable by virtue of physical disability, and has not been gainfully employed since February of 1974.

Plaintiff suffers from angina pectoris, syndrome X, emphysema, arthritis and a hiatal hernia. He requires medical treatment which he receives at no cost to him at the United States Naval Hospital in Philadelphia or at Willow Grove. He requires

examination and treatment every four to six weeks and is required to travel from Sullivan County to those institutions with that frequency. The distance is approximately 200 miles each way. He does not own a motor vehicle and therefore must pay someone for the transportation. It costs him approximately $40 for transportation each time he is required to take the trip. He takes extensive medication approximately five times per day and receives that medication free of charge. He has been under such a regimen of treatment since February of 1974. He is on a restricted diet.

Plaintiff pays $125 per month for rent, approximately $75 per month for heat approximately 8 months per year and $25 per month the other four months, $24 per month for electricity, $12 to $15 per month for telephone and has two personal loans of $800 and $700 each which he pays periodically as he can. He owes a bill to Sears Roebuck & Co. of $179 and has certain minimal expenses for life insurance on his son and for medical insurance on himself and his son. It costs approximately $35 per week for food for himself and his son. Although there is no direct testimony regarding it, obviously there are other expenses which he incurs for the support of both himself and his son.

Plaintiff assigns as his reason for seeking the discontinuance the fact of his ill health and that the divorce action is upsetting and aggravating to him considering his physical condition and also his inability, financially, to continue these proceedings. It is admitted that although he does not qualify for Legal Aid services[1] he was referred to his pres-

1. Defendant is represented by Bucks County Legal Aid Society.

ent attorney by the Bucks County Lawyer Referral Service as a marginal income client.

Based upon the depositions we accept plaintiff's assigned reasons for seeking discontinuance and we are satisfied that these reasons constitute just cause. We likewise believe that this discontinuance is sought in good faith. There is no evidence that he moved to Sullivan County in order to institute another divorce action there so as to harass and burden defendant with the defense of such an action at a distant place. Compare Quattrone v. Quattrone, supra, and distinguish Keiser v. Keiser, supra. Therefore, we determine that discontinuance is sought in good faith without any showing of disadvantage or harm to defendant. See Elliott v. Elliott, 30 D. & C. 2d 533 (1963). There is no showing of any unreasonable inconvenience, vexation, harassment, expense or prejudice to defendant. See Pa.R.C.P. 229(c) and Quattrone v. Quattrone, supra.

## ORDER

And now, February 3, 1978, it is hereby ordered, directed and decreed that the rule to show cause why this divorce action should not be discontinued is hereby made absolute and the prothonotary is directed to mark this action discontinued.