**Henry v. Henry**

*William R. Bernhart,* for plaintiff.
*Jonathan L. Wesner,* for defendant.

SAYLOR, *J.,* March 1, 1984—Plaintiff has filed an appeal to the Superior Court from our order of December 12, 1983, denying her request to discontinue this divorce action. This opinion, required by Pa.R.A.P. 1925, is rendered in support of our ruling.

Plaintiff instituted these proceedings on December 6, 1982.[1] In related claims she sought child custody and support, alimony, alimony pendente lite, counsel fees and costs, distribution of marital property and injunctive relief. Since then the following has transpired: (1) As to the injunctive relief sought, since December 13, 1982, the assets of defendant and a closely held corporation controlled by him have been ordered frozen; (2) Custody of the parties' minor daughter has been awarded to plaintiff, leaving defendant with visitation rights as mutually agreed upon by the parties; (3) A special master to hear the divorce and remaining related claims was appointed in June of 1983, but plaintiff's intervening petition for alimony pendente lite, counsel fees, costs and expenses and depositions thereon caused a stay of the proceedings until September 7, 1983, when her petition was dismissed and the case was sent back to the master for hearing; (4) The master fixed a hearing for November 1, 1983, at 1:30 p.m. At. 9:30 a.m. that day plaintiff moved to discontinue the divorce action.[2] No petition was filed setting forth reasons for the requested discontinuance, no hearing was requested or held on plaintiff's motion, and, after the submission of legal arguments, we denied the motion for discontinu-

---

1. Plaintiff complains under the Divorce Code, Act of April 2, 1980, P.L. 63, 23 P.S. §101, et seq. Specifically she seeks relief under Section 201(c) and (a)(6) claiming that the marriage is irretrievably broken and that defendant caused her to suffer indignities.

2. The written motion was in the following form: "And now, this 1st day of November, A.D., 1983, upon motion of William R. Bernhart, Esquire, attorney for plaintiff, the within action in divorce is hereby discontinued. By the Court:

---
"

J

ance and again referred the matter back to the master for further proceedings.

The right of a party to obtain a discontinuance of an action is governed by Pa.R.C.P. 229, which provides:

(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties.

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.

A grant or denial of a discontinuance rests in the sound discretion of the court. Quattrone v. Quattrone, 240 Pa. Super. 619, 361 A.2d 399 (1976). And, in divorce cases, a discontinuance will ordinarily be granted except where the parties are not seeking reconciliation or the other party would suffer a disadvantage. Ashton v. Ashton, 74 Montg. Co. L.R. 117 (1957). Ashton, though decided prior to the enactment of the new Divorce Code, is consonant in its reasoning with the present law. The Ashton court recognized that if the party seeking the discontinuance truly desires a reconciliation, then the request should be granted. However, where there is no record of reconciliation being likely or probable, where it does not appear that the request is made in good faith, and where the opposing party will suffer prejudice, the request should be disallowed.

Here, as in Ashton, there is no reason given for the requested discontinuance. There is no indica-

tion that plaintiff wants to reconcile, and defendant's opposition to a discontinuance suggests a reconciliation is unlikely. Further, the defendant will obviously be prejudiced if we grant the discontinuance. As indicated earlier, under subsection (c) of Rule 229, we may strike off a discontinuance if a party would suffer unreasonable inconvenience, harassment, expense or prejudice. That being so, the same considerations should enter our analysis in determining whether to deny a plaintiff's motion for discontinuance.

Agreeable to plaintiff's request for divorce, defendant has put forth time and money in answering the pleadings and preparing a defense to the related claims, including depositions regarding plaintiff's petition for alimony pendente lite. Moreover, since December 13, 1982, his assets and those of the closely held corporation controlled by him have been frozen.

Since no record exists in support of a possible reconciliation, we must consider the possibility that after discontinuing this matter the wife could again bring a divorce action, thereby subjecting the parties again, particularly the defendant, to additional costs and inconveniences. The likelihood of another action being filed after a discontinuance is a valid consideration in determining whether to deny a request for a discontinuance. Watson v. Watson, 55 Del. Co. 91 (1967). See, also Keiser v. Keiser, 4 D.&C.2d 65 (1955).

Additionally, since defendant now clearly wishes the divorce to proceed as evidenced by his objection to the discontinuance, if we grant the requested discontinuance the husband would be forced to bring suit on his own behalf, thereby, in part, duplicating what has already been done and incurring additional expense, more inconvenience and further delay.

We are not convinced that the requested discontinuance is made in good faith. If plaintiff in truth desires a reconciliation, it is curious that she has not requested court ordered counseling under Section 202 of the Divorce Code. In the absence of good faith and the obvious prejudice that would result to defendant, we are of the opinion that our refusal to discontinue was justified and clearly not an abuse of our discretion.