**Alban v. Alban**

*Scott L. Kelley,* for plaintiff.
*Larry W. Wolf,* for defendant.

KUHN, *J.,* April 2, 1987—On March 14, 1986, while both parties were residing at the same address in Abbottstown, Adams County, husband filed a section 201(c) divorce in Adams County. Wife requested counseling, and sessions were conducted. By December 8, 1986, husband had moved to York County and his second counsel filed a section 201(a)(6) and 201(c) divorce there. Two days later, husband's original counsel filed a praecipe in Adams County to discontinue the first divorce action. The same day wife was served with notice of the discontinuance.

On January 5, 1987, the parties met in the Adams County Domestic Relations Office for a conference on a spousal support claim and agreed upon an amount to be treated as alimony pendente lite. On January 9, 1987, wife filed a counterclaim in Adams County for equitable distribution, alimony, counsel fees, costs and expenses.

On January 21, 1987, wife filed a motion in Adams County to strike the discontinuance. All matters in York County have been stayed pending resolution of this matter.

Initially, we note that both Adams and York counties were proper forums when the respective actions were filed. Pa.R.C.P. 1920.2. We also note that the marital residence is in Adams County.

Resolution of this matter depends upon our interpretation of Pa.R.C.P. 229 which provides in relevant part:

"229 Discontinuance

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in

whole or in part, by plaintiff before commencement of the trial. . . .

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice."

Decisions whether to grant requests for discontinuances rest within the discretion of the trial judge. Generally, where it appears that the discontinuance was for the purpose of instituting another action elsewhere, the court, on motion, will set aside the discontinuance. *Quattrone v. Quattrone,* 240 Pa. Super. 619, 621-2, 361 A.2d 399, 400 (1976). Most courts, in analyzing whether to strike a discontinuance, inquire into the fairness of the discontinuance. Contrary to the view expressed in Goodrich-Amran 2d §229:8, at least one court believes that one may discontinue a divorce action upon a presumption of leave of court as in any other civil case. *Yachere v. Yachere,* 52 D.&C.2d 768, 773 (1971). Stated another way, a discontinuance without more is presumptively valid; but a discontinuance for the purpose of initiating a second suit is, without more, presumptively invalid. Where a legitimate reason for the second action appears, the discontinuance will be approved. *Yachere,* supra at 775-6.

All opinions, except *Quattrone,* supra, discussing this issue are lower-court cases. In *Keiser v. Keiser,* 4 D.&C.2d 65 (1955) where all the witnesses were in Luzerne County, the court did not permit discontinuance when it appeared that husband intended to refile in Philadelphia County. Likewise, in *Ashton v. Ashton,* 74 Montgomery Co. L.R. 117 (1958) the husband's attempt to discontinue a divorce for the purpose of refiling in his home county of Dauphin was rejected. In *LeFever v. LeFever,* 30 D.&C.2d

553 (1963) and *Hall v. Hall,* 5 D.&C.3d 119 (1978) husband was not permitted to discontinue a divorce for the purpose of refiling in another state. In *Coppock v. Coppock,* 61 D.&C.2d 421 (1973), an attempt to discontinue after a master's hearing was too late. Finally, in *Morin v. Morin,* 5 D.&C.3d 139 (1978) a discontinuance was permitted where it was clear that plaintiff would not be reinstituting litigation in his home county.

These cases seem to suggest that where (1) great inconvenience or expense would be occasioned the defendant, or (2) the litigation had proceeded substantially, discontinuance would not be granted. Neither of these concerns are present here.

Wife claims that the discontinuance in this case should be striken for numerous reasons. First, she alleges that she will be required to incur additional expense. She has not, however, demonstrated how that would occur. Second, she claims she will be required to re-establish her right to alimony pendente lite. Third, she claims she will be compelled to refile her related claims. Husband argues, and the court agrees, that the prior alimony pendente lite order and the related claims can be transferred to York County without delay or expense to wife.

Husband, on the other hand, has failed to explain why he filed in York County. He argues no inconvenience to wife because the marital home is approximately equal distance from the courthouse of each county. Furthermore, the offices of both attorneys are located in York County.

Although we do not encourage the actions taken by husband, we will not strike the discontinuance in this matter.

Accordingly, we enter the following

## ORDER

And now, this April 2, 1987, defendant's motion to strike discontinuance is denied. The alimony pendente lite order entered January 9, 1987, and defendant's claims for equitable distribution, alimony, counsel fees and expenses are hereby transferred to the prothonotary of York County, Pa., to be docketed at 86-SU-04749-02D.

Plaintiff shall be responsible for any outstanding court costs in the above matter, together with all costs related to the transfer and docketing of this matter in York County.