## Mizes v. Mizes

*Susan M. Hill,* for plaintiff.
*Alvin J. Luschas,* for defendant.

MYERS, *P.J.,* September 20, 1989—In May 1987, defendant-wife left the marital residence in Montour County, Pennsylvania, and established residence in the State of Missouri, taking with her the parties' minor child.

Plaintiff-husband thereafter filed the within divorce action on July 10, 1987 at which time plaintiff

was residing in the marital residence located in the Borough of Danville, Montour County, Pennsylvania.

A custody conference and a support hearing were separately held in August 1987 in Montour County, at which time defendant was not present but was represented by Attorney Alvin J. Luschas, of this bar.

In August 1988, plaintiff-husband moved from Montour County to Lackawanna County, Pennsylvania to accept a temporary teaching position at the University of Scranton.*

In October 1988, plaintiff filed a praecipe to discontinue this divorce action, and the action was then discontinued by the prothonotary. Plaintiff subsequently filed a divorce action in the State of Missouri in the resident county of defendant-wife. Defendant-wife has responded with a petition to strike the Pennsylvania discontinuance. Following submission of briefs, defendant's petition to strike the discontinuance is presently before us for disposition.

Resolution of this matter rests with our interpretation of Pa.R.C.P. 229 which states:

"Rule 229. *Discontinuance*

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial.

"(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties.

"(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect

---

* Plaintiff has subsequently accepted a permanent teaching position in the State of Ohio and intends to reside there indefinitely.

the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice.''

"Decisions whether to grant requests for discontinuances rest within the discretion of the trial judge. Generally, where it appears that the discontinuance was for the purpose of instituting another action elsewhere, the court, on motion, will set aside the discontinuance. *Quattrone v. Quattrone,* 240 Pa. Super. 619, 621-2, 361 A.2d 399, 400 (1976). Most courts, in analyzing whether to strike a discontinuance, inquire into the fairness of the discontinuance. Contrary to the view expressed in Goodrich-Amram 2d §229:8, at least one court believes that one may discontinue a divorce action upon a presumption of leave of court as in any other civil case. *Yachere v. Yachere,* 52 D.&C. 2d 768, 773 (1971). Stated another way, a discontinuance without more is presumptively valid; but a discontinuance for the purpose of initiating a second suit is, without more, presumptively invalid. Where a legitimate reason for the second action appears, the discontinuance will be approved. *Yachere, supra* at 775-76.

"All opinions, except *Quattrone, supra,* discussing this issue are lower-court cases. In *Keiser v. Keiser,* 4 D.&C. 2d 65 (1955) where all the witnesses were in Luzerne County, the court did not permit discontinuance when it appeared that husband intended to refile in Philadelphia County. Likewise, in *Ashton v. Ashton,* 74 Montgomery L. Rep. 117 (1958) the husband's attempt to discontinue a divorce for the purpose of refiling in his home county of Dauphin was rejected. In *LeFever v. LeFever,* 30 D.&C. 2d 553 (1963) and *Hall v. Hall,* 5 D.&C. 3d 119 (1978) husband was not permitted to discontinue a divorce for the purpose of refiling in another state. In *Coppock v. Coppock,* 61 D.&C. 2d 421 (1973), an

attempt to discontinue after a master's hearing was too late. Finally, in *Morin v. Morin,* 5 D.&C. 3d 139 (1978) a, discontinuance was permitted where it was clear that plaintiff would not be reinstituting litigation in his home county.

"These cases seem to suggest that where (1) great inconvenience or expense would be occasioned the defendant, or (2) the litigation had proceeded substantially, discontinuance would not be granted." *Alban v. Alban,* 46 D.&C. 3d 55, 57-58 (1987).

The concerns raised by the above are not present in the instant case. Plaintiff-husband has conveniently filed suit in the home state of defendant. Defendant on occasion has failed to attend custody and support hearings in Montour County due to the distance and expense involved, which would not be considerations in the Missouri divorce action. Defendant argues nonetheless that witnesses and marital assets are located in Montour County. However, most important witnesses, i.e. the parties and the child, would be present in the State of Missouri. In addition, the former marital residence in Montour County has now been sold and transferred.

In our opinion, since the litigation in Montour County has not proceeded to the point where its discontinuance would substantially harm one or more of the parties, we deny defendant's petition to strike the discontinuance.


### ORDER OF COURT

And now, September 20, 1989, it is hereby ordered that defendant's petition to strike the discontinuance is dismissed.