J-S13009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LINDA ABBOTT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDWARD ABBOTT AND PNC BANK AND FIRST NATIONAL BANK | |
| APPEAL OF: EDWARD ABBOTT | No. 212 WDA 2015 |

Appeal from the Order Entered December 23, 2014
In the Court of Common Pleas of Greene County
Civil Division at No(s): A.D. No. 565 OF 2008,
E.D. No. 78 OF 2014

BEFORE: LAZARUS, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 17, 2016**

Edward Abbott (Husband) appeals from the order, entered in the Court of Common Pleas of Greene County, which required judgment liens in favor of Linda Abbott (Wife) to be placed on two motor vehicles belonging to Husband. After careful review, we affirm.

This matter stems from divorce proceedings between Husband and Wife. On May 5, 2008, Wife filed a divorce complaint against Husband, which included a claim for alimony pendente lite (APL). Following a hearing, the trial court entered an order on January 28, 2009, directing Husband to pay Wife $412.00 per month in APL. Husband made no APL payments. Wife

_____

[*] Former Justice specially assigned to the Superior Court.

filed a petition for determination of APL arrears, and the court held a hearing. On July 5, 2013, the court entered an order that established the arrears in the amount of $25,949.70 and terminated APL going forward.

A Master's hearing took place on August 13, 2014, during which the parties agreed to the distribution of their marital property. As part of the settlement, Husband took title to a Chevrolet Suburban and a Ford Excursion, which are the subject of the instant matter. APL matters were not handled by the Master but were reserved to the trial court. A final divorce decree was entered September 19, 2014, to which neither party filed an appeal.

Wife entered judgment on the APL arrears amount of $25,949.70 on September 17, 2014, and filed a praecipe for writ of execution, requesting a levy on Husband's personal property, on November 17, 2014. The sheriff levied on bank accounts and on three motor vehicles, including the Suburban and the Excursion. Husband filed a claim for exemption, and a hearing was held. The trial court issued an order on December 23, 2014, directing Husband to provide the original titles to the Suburban and Excursion to Wife's counsel, to provide payment for lien recording fees, and to execute all other forms necessary for Wife to be designated as the first lienholder on the title to both vehicles.

This timely appeal followed,[1] in which Husband raises the following issue:

> In a divorce, when a property settlement agreement has been entered into by the parties for [equitable] distribution of the marital assets[,] can the court properly order and create a judgment [lien] on said marital assets out of arrearages owed on alimony pendente lite[?]

Brief of Appellant, at 6.

In support of his claim, Husband makes the sole argument that by placing liens on the vehicles in favor of Wife, the trial court impermissibly modified the equitable distribution agreement the parties entered into on August 13, 2014. *See Bianchi v. Bianchi*, 859 A.2d 511, 515 (Pa. Super. 2004) ("In Pennsylvania, we enforce property settlement agreements between husband and wife in accordance with the same rules applying to contract interpretation. . . . [However, the court] has neither the power nor the authority to modify or vary the decree unless there has been fraud, accident or mistake.")

_____

[1] Instantly, the trial court neither ordered Husband to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) nor filed an opinion pursuant to Pa.R.A.P. 1925(a). We note that "[o]rdinarily, the remedy for non-compliance with the Pa.R.A.P. 1925(a) is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." *Gibbs v. Herman*, 714 A.2d 432, 435 (Pa. Super. 1998). However, we find that the record "is sufficient for appellate review and in the interests of judicial economy, we shall address the merits" of Husband's claim. *Id.*

We disagree with Husband's assertion that the trial court's order modified the settlement agreement reached between Husband and Wife. We note that "[a]lthough an order for alimony pendente lite continues only for the duration of the divorce, a claim for arrearages . . . that arose during the pending action may be enforced after the termination of the action . . . by final decree of divorce." **Quattrone v. Quattrone**, 361 A.2d 399, 402 n.1 (Pa. Super. 1976).

Here, the settlement Husband entered into with Wife did not involve his APL arrearages, as the Master had no jurisdiction over APL matters and such issues were reserved to the trial court. Wife's entry of judgment on Husband's APL arrearages via court order, the subsequent levy on Husband's personal property, and the liens placed on the Suburban and Excursion are entirely unrelated to the settlement. Throughout these proceedings, Husband had ample opportunity to contest the judgment and Wife's efforts to collect thereon. Although the Suburban and Excursion were once marital property, at the time Wife successfully filed a praecipe for writ of execution and obtained the liens, the vehicles had become Husband's property. The fact that Wife has obtained liens on the vehicles in no way disrupts or modifies the property settlement agreement; instead, Wife has appropriately attempted to enforce the judgment for APL arrearages after the divorce became final. **Quattrone**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/17/2016