422 A.2d 170

**Richard Tulp BROWN**

v.

**Mary Jo BROWN, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Oct. 3, 1980.

284

Judith Eichen Fellheimer, Philadelphia, for appellant.
Henry L. Shrager, Philadelphia, for appellee.

Before WICKERSHAM, BROSKY and ROBERTS, JJ.*

WICKERSHAM, Judge:

In May of 1978 Richard Tulp Brown filed a Complaint in Divorce against Mary Jo Brown, appellant, in Chester County, Pennsylvania. Mary Jo, who lived in California at the time appeared by counsel Judith Eichen Fellheimer, Esquire and filed an Answer and Counterclaim in Divorce, alleging inter alia that her husband had committed adultery with one Barbara S. She sought a divorce from bed and board with alimony, counsel fees and costs.

On April 4, 1979 Plaintiff Richard Tulp Brown filed a request to discontinue his Complaint in Divorce and President Judge D. T. Marrone directed the Prothonotary to mark the complaint as discontinued without prejudice.[1]

---

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania is sitting by designation.

1. This was done in accordance with Chester County local rule *1139, which was patterned after Pa.R.C.P. 229. Chester County Rule *1139 provides:

   In divorce actions a discontinuance shall be entered only by leave of court after notice to the defendant, and co–respondent, if any be named.

   Pa.R.C.P. 229 provides:

Counsel for the defendant–appellant was notified in accordance with said Rule.

Appellant, Mary Jo Brown took an appeal to this court from Judge Marrone's Order of April 4, 1979.[2]

■ As President Judge Marrone points out in his Opinion Pa.R.C.P. 232 sets forth that:

(a) A discontinuance or nonsuit shall not affect the right of the defendant to proceed with a counter–claim theretofore filed.

Clearly, therefore, the counter–claim of appellant Mary Jo Brown is not affected by the Order of April 4, 1979.

The thrust of appellant's argument is that, although notified of plaintiff's intent to seek a discontinuance pursuant to local rule *1139, she did not have the opportunity to oppose plaintiff's request for discontinuance before such request was granted by the Court. She suggests that she has been

"(a) A discontinuance shall be the exclusive method of voluntary termination of an action in whole or in part, by the plaintiff before commencement of the trial.

(b) A discontinuance may not be entered as to less than all defendants without leave of court after notice to all parties.

(c) The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice."

2. She frames the issue on appeal as:

*STATEMENT OF THE QUESTIONS INVOLVED*

A. When Local Court Rule *1139 of the Court of Common Pleas of Chester County provides: "In divorce actions a discontinuance shall be entered only by leave of court after notice to the defendant, and correspondent, if any be named", is the lower court required to grant defendant an opportunity to respond to plaintiff's request for continuance before exercising its discretion in granting leave of court.

Not answered by the court below.

B. Can a defendant, in an action for divorce A.V.M. who has filed a crossclaim in Divorce A.M.E.T. be disadvantaged by the dismissal of Plaintiff's action in Divorce A.V.M. and by the failure of the Court of Common Pleas of Chester County to follow Local Rule *1139.

Answered in the negative by the court below.

Appellant's Brief page 2.

harmed since "the discontinuance of the Pennsylvania action in divorce enables plaintiff to institute a suit in divorce in another state" and that "such action would inconvenience the defendant by causing her to go to the state in which she was not a resident, obtain counsel, and thereby be deprived of her right to compel the attendance of witnesses from Pennsylvania (the marital domicile) in defense of her suit." [3]

We find some support for appellant's position in Goodrich Amram 2d where it provides:

> The purpose of rule 229 is to simplify the procedure in cases in which the plaintiff wishes to stop the action voluntarily prior to the opening of the trial. The Rule designates the "discontinuance" as the sole method for so doing. The common–law procedures of "retraxit" [46] and "nolle prosequi" [47] are abolished. A voluntary nonsuit may no longer be taken before trial, but only during the trial. [48]

> \* \* \* \* \* \*

> Divorce actions, which are affected with a public interest not present in ordinary civil actions, [75] are subject to special regulation. Abandonment of the action by the parties does not in and of itself effect a discontinuance. [76] Discontinuance, even more so than in any other action, has never been a matter of right, but a qualified privilege exercisable only by leave of court, [77] and where the husband is the plaintiff it has been granted only on condition of payment of costs and the defendant's reasonable attorney's fee. [78] The public interest, especially in case of adultery and where the validity of the marriage is in dispute, restricts the right to discontinuance. [79] Even after a discontinuance is granted, the court, on plaintiff's petition, may vacate the discontinuance and reinstate the case. [80]

> These Rules make no special provisions for discontinuance in divorce cases, nor do the Rules for the Action of Divorce. [81] The prior practice will therefore continue, since

3. Appellant's brief, pages 12, 13.

it is in no way inconsistent with these Rules. Particularly is this true because of the "substantive" right of the Commonwealth, as to the so-called third party, in divorce suits. Discontinuance in divorce cases will not be a matter of right but will always remain in the sound discretion of the court.[82]

Volume 1, § 229:1, page 316 and § 229:8, pages 321, 322. (Footnotes omitted)

A similar factual situation was before us in *Quattrone v. Quattrone*, 240 Pa.Super. 619, 361 A.2d 399 (1976) where we affirmed a denial of appellant's petition to strike off a discontinuance of a divorce action. We said:

Decisions as to the granting of such requests for discontinuances rest in the discretion of the trial judge and can be reviewed only as to the abuse of that discretion.

Id. at 240 Pa.Super. 621, 361 A.2d 400.

In *Quattrone* the appellant had followed the procedure outlined in Pa.R.C.P. 229(c) and had filed a petition to strike off the discontinuance following which a hearing was held. We were then able to review the evidence presented and concluded that (agreeing with the court below) no unreasonable inconvenience, vexation, harassment, expense or prejudice had been established. See Pa.R.C.P. 229. We held therefore that the lower court had not abused its discretion in refusing to strike off the discontinuance.

█ Here, appellant filed no petition to strike under Rule 229(c) and no hearing has been held as a consequence. No evidence has been established and thus no issue properly presented to us on the exercise of the lower court discretion.

Accordingly, the order of the lower court is affirmed.[4]

4. Cf. *Martinelli v. Mulloy*, 223 Pa.Super. 130, 299 A.2d 19 (1972) involving Pa.R.C.P. 229(c).