## Schreckengaust v. Schreckengaust

*Myles R. Wren,* for plaintiff.
*James T. McHale,* for defendant.

KOSIK, *P.J.,* June 23, 1982—This matter is before the court on plaintiff's preliminary objections to defendant's petition for enforcement of a child support and separation agreement under the Pa. Divorce Code of 1980 §401(b).

Plaintiff filed a complaint in divorce on October 31, 1980 seeking in addition to the divorce, a resolution of child visitation and the equitable distribution of property. Thereafter, little was done according to the Pennsylvania Supreme Court rules of procedure controlling divorce actions as adopted and effective July 1, 1980, and the Lackawanna County memorandum and order, 80 Civil 3643, effective July 1, 1980, and providing that the complaint will be accompanied by a certification that funds are deposited in escrow to cover a master's fee.

Instead of a counterclaim, defendant filed a petition and rule on November 14, 1980 seeking alimony pendente lite, child support, counsel fees and expenses. Plaintiff answered the petition. No re-

quest for a master was made by defendant. On February 5, 1982, plaintiff filed a praecipe for discontinuance in the divorce action.

The record next shows that defendant under date of February 23, 1982 filed a series of documents titled "Support and Separation Agreement" allegedly outlining terms of a separation. On February 25, 1982 defendant filed a petition and rule to enforce the aforesaid agreement under the Code, §401(b). Preliminary objections were filed to the petition.

## DISCUSSION AND CONCLUSIONS

Two issues were formulated by counsel at the time of oral argument: (1) Is the discontinuance filed by plaintiff in the instant divorce action without leave of court valid?; and (2) Did defendant follow the appropriate procedure when she filed a "Petition for Enforcement of a Child Support and Separation agreement under Pa. Divorce Reform Code?"

First, we will address the validity of the discontinuance filed by plaintiff on February 5, 1982. In Brown v. Brown, 281 Pa. Super. 283, 422 A.2d 170 (1980), the court adopted the language from Goodrich Amram 2d concerning discontinuances in divorce. In particular, "[d]ivorce actions, which are affected with a public interest not present in ordinary civil actions, are subject to special regulation. Abandonment of the action by the parties does not in and of itself effect a discontinuance. Discontinuance, even more so than in any other action, has never been a matter of right, but a qualified privilege exercisable only by leave of court, . . . Discontinuance in divorce cases will not be a matter of right but will always remain in the sound discretion of the court." (Footnotes omitted) Goodrich Amram 2d, Volume 1, Section 229.8, Pages 321, 322 (1976).

In the instant action, plaintiff unilaterally filed the praecipe for discontinuance without leave of court. We do not believe that plaintiff's action was appropriate under the circumstances; and therefore, we find that the praecipe of discontinuance filed on February 5, 1982 is not valid. Accordingly, the action in divorce filed to the above-captioned term and number will be reinstated.

We will now address the second issue raised by the parties in this action. Prior to the filing of the discontinuance, the parties apparently entered into an agreement whereby plaintiff, among other things, agreed to pay $2500 per month for the support and maintenance of his wife and minor child. The agreement was signed by plaintiff on January 20, 1981 and by defendant on March 5, 1981. Plaintiff complied with the terms of the agreement relating to support until January 1982.

We noted earlier that no request for the appointment of a master in divorce was filed by either party, and as a result, no hearing was held on any of the matters raised in this action. No court approval of the agreement was obtained either. Regardless, defendant seeks the enforcement of the child support and separation agreement under §§401(b) and 402(a) of the Code.

We believe that defendant is misconstruing the provisions of the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, §101, et seq., eff. July 1, 1980; 23 Pa. C.S. §101 et seq. While we agree that defendant is entitled to the relief requested in the petition under certain circumstances, we believe that defendant's request at this point is premature §401(b) provides:

(b) Any decree granting a divorce or an annulment, shall include after a full hearing, where these matters are raised in the complaint, the answer or

other petition, an order or orders determining and disposing of existing property rights and interests between the parties, custody and visitation rights, child support, alimony and any other related matters including the enforcement of separation agreements voluntarily entered into between the parties. In the enforcement of the rights of any party to any such matters, the court shall have all necessary powers, including but not limited to, the power of contempt and the power to attach wages. In the event that the court is unable for any reason to determine and dispose of the matters provided for in this subsection within 30 days after the master's report has been filed, it may enter a decree of divorce or annulment. The court may order alimony, reasonable counsel fees and expenses pending final disposition of the matters provided for in this subsection and upon final disposition, the court may award costs to the party in whose favor the order or decree shall be entered, or may order that each party shall pay his or her own costs, or may order that costs be divided equitably as it shall appear just and reasonable."

While §401(b) gives the court all necessary powers in the enforcement of the rights of any party, it specifically refers to rights and interests covered by an order entered determining and disposing of rights and interest between the parties after a full hearing. In the instant action, the agreement was voluntarily entered into between the parties. No hearing was conducted, nor was the agreement submitted, sanctioned or approved by a master or the court. Further, at the time of oral argument, counsel for plaintiff represented that the voluntary agreement was only to be enforced for a limited period of time. We do not believe that §401(b) gives this court the power to grant defendant's requested relief under the circumstances of the instant case.

Similarly, defendant relies on §502, alimony pendente lite, counsel fees and expenses, and §503 for the enforcement of arrearages. We likewise believe that in order for these provisions to become operative, an initial hearing and determination must be made by a master and a recommendation must be submitted to the court for approval. The voluntary agreement entered into between the parties in the instant action remains as such, and does not fall within the enforcement provisions of the Divorce Code by simply filing it to an appropriate number.

The proper action to have been pursued in this case would have been to present the voluntary agreement of the parties to a master for approval. In this way, the parties would have been given the opportunity for a hearing, if necessary, on the terms of the agreement. The master would then make a recommendation to the court concerning the agreement. Once the agreement had been sanctioned by the court, the enforcement provisions of the Divorce Code would have become effective and the relief requested by defendant would have been appropriate.

In light of the fact that we have determined that the instant divorce action should be reinstated, we believe that the proper course for the parties to pursue would be the appointment of a master in divorce. The parties will then be given the opportunity to present evidence on the outstanding issues. In the interim, the voluntary support agreement entered into between the parties will remain in effect.

## ORDER

Now this June 23, 1982, it is hereby, ordered that: (1) the divorce action filed to the above-captioned term and number is reinstated; and (2) the preliminary objections of plaintiff are sustained to the extent that they are consistent with the attached opinion.