## Cobes v. Cobes

*Barry Ballow*, for plaintiff.
*Ann Marie Daly*, for defendant.

BECKERT, *J.*, January 7, 1985—Plaintiff wife is pursuing a divorce action commenced by a complaint in divorce which (fault grounds having been stricken in prior court proceedings) now avers as follows:

5. "The grounds for divorce under which the plaintiff is proceeding are:

• • •

Section 201(c) — Irretrievable breakdown — Mutual consent"

Defendant husband has filed a petition to dismiss that complaint, which includes a verification of his statement that he does not consent to the granting of a divorce. His wife's response is that his refusal to consent is "transitory" in that he might change his mind at some later time, and that she would be prejudiced by this court's dismissal of her divorce action since she is now enjoying incidental economic relief in the form of alimony pendente lite.

In Oliver v. Oliver, 39 Bucks Co. L. Rep. 130 (1982), Judge Mims held that a divorce action brought in the alternative under subsections 201(c)

and 201(d) of the Divorce Code, 23 P.S. §201, could not be filed where defendant had not consented to the divorce and three years had not expired since the parties' separation. The instant case differs, in that the 201(d) ground of three years' separation is no longer a ground asserted for divorce, and only 201(c) forms the foundation of plaintiff's complaint. Consequently, in the absence of a signed consent from her spouse, plaintiff has no basis for indefinitely holding this action in abeyance, in the hope that defendant husband may some day experience a change of heart, meanwhile continuing to collect interim alimony payments.

The fact that cessation of this divorce proceeding would likewise work a termination of wife's right to continue receiving alimony pendente lite does not, however, in our opinion, present as serious a problem as she suggests, since she would be free to seek support for herself. See Remick v. Remick, 310 Pa. Super. 23, 456 A.2d 163 (1983). Furthermore, alimony pendente lite is intended to cover only the period of time during which the underlying divorce action may with due diligence be prosecuted to conclusion. Heilbron v. Heilbron, 158 Pa. 297, 27 Atl. 967 (1893). This divorce action has, however, apparently rolled up against a stone wall.

Notwithstanding our conclusion that we cannot allow the case to remain in limbo, we choose not to dismiss the divorce action outright, since to do so might somehow be construed as a final ruling on its merits, but rather will exercise our broad procedural discretion and instead direct its discontinuance, as though defendant's application for relief had been directed toward that end. We believe this to be the result which will leave both parties in the fairest possible position, giving effect to the special regulation of divorce actions which has been addressed in

procedural rules and case law. Pa. R.C.P. Rule 229; Bucks Co. R.C.P. Rule 1920.*63; Goodrich Amram 2d, Volume 1, §229.8; Brown v. Brown, 281 Pa. Super. 283, 422 A.2d 170 (1980).

## ORDER

And now, this January 7, 1985, upon consideration of defendant's petition to dismiss plaintiff's complaint in divorce, and plaintiff's response thereto, it is hereby ordered and directed that the rule heretofore entered pursuant to said petition on July 27, 1984 and directed upon plaintiff is made absolute, and the prothonotary is directed to mark this action discontinued.