## Smith v. Smith

*William J. Gregg,* for plaintiff.
*James R. Irwin,* for defendant.

MILLER, *P.J.,* June 6, 1991—Plaintiff filed a complaint in divorce and defendant filed a counterclaim, not including a count for divorce, but including counts for alimony, alimony pendente lite and costs.

Plaintiff now requests a discontinuance and defendant opposes it.

A discontinuance is the exclusive method to voluntarily terminate an action prior to trial (Pa.R.C.P. 229). The effect of the discontinuance is to terminate the action without an adjudication on the merits. It places the parties in the same position as they were as though the action had never been commenced in the first place.

At one point the thinking in Pennsylvania was that a discontinuance in a divorce action could not be had without leave of court. 1 *Goodrich Amram 2d* *§229:8.* That volume of *Goodrich Amram* has now been replaced in February 1991 with section 229(a):9. The observation made in the latest text is that divorce cases are on an equal plane with other civil actions and there are no restrictions on the entry of a discontinuance in a divorce action.

Rule 229 provides that if a discontinuance has been entered it may be stricken by the court "in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice" (Pa.R.C.P. 229(c)).

Here, since plaintiff is asking leave of court for discontinuance we will consider and apply Rule 229(c) so as to avoid the extra and unnecessary step of requiring defendant to now come forward seeking to strike the discontinuance. *1 Goodrich Amram 2d,* §229(c):1.

Should we deny the discontinuance because of defendant's counterclaims? Should we grant the discontinuance on plaintiff's actions and leave defendant's counterclaim unaffected and remaining?

All of this is answered by Pa.R.C.P. 232. A discontinuance of this action shall not affect the

right of defendant to proceed with her counter-claims. See further, *Brown v. Brown,* 281 Pa. Super. 283, 422 A.2d 170 (1980).[1]

In the argument held before the court on plaintiff's petition for discontinuance there was no showing that a discontinuance of the divorce action would cause defendant an unreasonable inconvenience, nor would it be vexatious or prejudicial nor constitute harassment. This divorce action has been going on for some time. Defendant, who was awarded alimony and counsel fees a year ago, has done nothing to pursue them further (even though the court left open further alimony and counsel fees), has not brought anything more before the court and has not filed her inventory and appraisement or income and expense statement.

Since her counterclaim for alimony pendente lite and counsel fees remains open, we find that the discontinuance of the divorce action does not harm her.[2]

---

1. The facts of *Brown* are slightly different. In that case defendant filed a counterclaim for alimony, counsel fees and costs as well as a counterclaim for a divorce. Here defendant has not filed a counterclaim for a divorce. We do not think that makes a difference. Even though the termination of the marriage of the parties is no longer an issue since plaintiff's petition for discontinuance is being granted we think defendant should be able to pursue her counterclaim for alimony pendente lite, counsel fees and costs that she believes she is entitled to recover up to this date. We do not think that a pending divorce action is necessary to recover past alimony pendente lite, counsel fees and expenses.

2. Plaintiff is not faced with the possibility that defendant's counterclaims would be open indefinitely. If he wants to bring those to a termination he may do so in any manner he thinks appropriate. The most obvious way to bring the matter to the attention of the court for a judgment of non pros.

## ORDER

And now, June 6, 1991, the plaintiff's petition for discontinuance of the divorce action is granted, but said discontinuance shall not affect the right of the defendant to proceed further with her counterclaims for alimony pendente lite, counsel fees and costs to the date of this discontinuance (Pa.R.C.P. 232).